UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

        Plaintiffs,

  v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

        Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON:**
**(1) PLAINTIFF WARNER'S MOTION TO COMPEL LAW LIBRARY TIME (docket #21); (2) PLAINTIFF WARNER'S MOTION TO REMOVE NAME (docket #28); (3) PLAINTIFF WARNER'S REQUEST TO REMOVE ATTORNEY GENERAL MIKE COX (docket #33); AND (4) PLAINTIFF RIDER'S LETTER REQUEST TO BE REMOVED FROM THE LAWSUIT (docket #45)**

I.    RECOMMENDATION: The Court should construe plaintiff Warner's motion to remove name (docket #28) and plaintiff Rider's letter request to be removed from the lawsuit (docket #45)

1

as motions for voluntary dismissal under Rule 41. As so construed, the Court should either (a) conclude that the requests are proper notices of dismissal under Rule 41(a)(1), or (b) grant the motions under Rule 41(a)(2). In either event, the Court should dismiss the claims of these plaintiffs without prejudice. If the Court accepts this recommendation, the Court should also deny as moot plaintiff Warner's motion to compel law library time (docket #21) and plaintiff Warner's request to remove Attorney General Mike Cox (docket #33).

II.     REPORT:

A.     *Procedural Background*

    1.     *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities. Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property

without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties. This Report addresses the three motions filed by plaintiff Warner, as well as a letter request by plaintiff Rider. The remaining motions are addressed in separate Reports and Orders entered on this date.

2. *Background Relating to the Instant Motion*

On July 26, 2006, plaintiff Douglas J. Warner filed a motion to remove his name from the case. Although the motion discusses plaintiff Warner's various claims against the defendants, plaintiff Warner ultimately seeks to voluntarily dismiss his claims and be removed from the case, so that he can seek redress in another manner. Also pending is a motion filed by plaintiff Warner on August 17, 2006, seeking disqualification of the Michigan Attorney General. Finally, on December 23, 2006, plaintiff Rider submitted a letter to the Court seeking to withdraw from the case.

B. *Legal Standard*

The requests by plaintiffs Warner and Rider to be removed from this action are, in essence, motions for voluntary dismissal under Rule 41. Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part, that "an action may be dismissed by the plaintiff at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]" FED. R. CIV. P. 41(a)(1)(i). A plaintiff's right to file a notice of dismissal under Rule 41(a)(1) prior to service of an answer or motion for summary judgment is absolute and unconditional. *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990). Thus, a court may not vacate a

properly filed notice of dismissal, impose conditions on dismissal, or order dismissal with prejudice. *See, e.g.*, *Marex Titanic*, 2 F.3d at 545; *Brackett v. State Highways & Transp. Comm'n of Mo.*, 163 F.R.D. 305, 306-07 (W.D. Mo. 1995); *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 24 (D.P.R. 1991). Further, "[a] notice of voluntary dismissal is effective at the moment it is filed, and no judicial approval or court order is required." *Esquivel v. Arau*, 913 F. Supp. 1382, 1385 (C.D. Cal. 1996); *accord Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) (properly filed notice of dismissal is "self-effectuating" and no order of the court is needed). Thus, a plaintiff's complaint will be deemed to have been voluntarily dismissed without prejudice if he (1) filed a notice of dismissal (2) before service of an answer or motion for summary judgment. Because plaintiff has met these requirements here, he is entitled to voluntary dismissal as a matter of right under Rule 41(a)(1)(i).

Pursuant to Rule 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). "[T]he general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985); *accord Lapierre v. Executive Indus. Inc.*, 117 F.R.D. 328, 329 (D. Conn. 1987) ("Under Rule 41(a)(2), plaintiff is free to review his cause of action, determine its merit, and dismiss his claims rather than face an adverse judgment and subsequent award of costs."). The decision to grant or deny a voluntary dismissal is committed to the sound discretion of the trial court. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Ordinarily, voluntary dismissal without prejudice should be granted unless the defendant

4

shows that a dismissal will result in plain legal prejudice. *See Grover*, 33 F.3d at 718; *Greguski v. Long Island R.R. Co.*, 163 F.R.D. 221, 223 (S.D.N.Y. 1995). The mere prospect of a second lawsuit does not constitute prejudice, *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Grover*, 33 F.3d at 718, nor does the fact that the plaintiff may gain a tactical advantage through dismissal, *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983). Rather,

> [i]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delya and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover*, 33 F.3d at 718.

C.   *Analysis*

Here, no defendant has as yet filed an answer or a motion for summary judgment. Although defendants have filed a motion to dismiss on the basis of exhaustion, a motion to dismiss under Rule 12(b)(6), the courts that have considered the issue are virtually unanimous in holding that "[a] plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant." *Esquivel*, 913 F. Supp. at 1385; *accord Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 996-97 (4th Cir. 1997); *Aamot*, 1 F.3d at 444; *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977); *Horton*, 169 F.R.D. at 15; *Brackett*, 163 F.R.D. at 307.[1] Further, plaintiffs' requests are sufficient to constitute notices of dismissal under Rule

---

[1] The fact that there are affidavits attached to defendants' motion to dismiss does not suffice to convert the motion into one for summary judgment which would render plaintiff's notice of dismissal untimely. As the Sixth Circuit explained in *Aamot*:

> Permitting a defendant, merely by appending to his Rule 12(b)(6) motion material "outside the pleadings," regardless of their scope content or form, to abridge a

41. "[T]he fact that plaintiffs captioned the document[s] 'Motion' rather than 'Notice' is without legal significance." *Sanchez v. Vaughn*, 282 F. Supp. 505, 507 (D. Mass. 1968); *accord Matthews*, 902 F.2d at 880; *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996).[2] Accordingly, the Court should conclude that plaintiff properly filed a notice of dismissal as contemplated by Rule 41(a)(1). Accordingly, the Court should conclude that plaintiffs Warner and Rider have voluntarily dismissed their suits pursuant to FED. R. CIV. P. 41(a)(1)(i).

Further, even if defendants' motion to dismiss could be construed as a motion for summary judgment which terminated plaintiffs' right to voluntarily dismiss without leave of court, the Court should conclude that plaintiffs are entitled to voluntarily dismiss their claims without prejudice under Rule 41(a)(2). First, there has not been significant progress in this litigation, and there has been no discovery. *See Grynberg Prod. Corp. v. British Gas, P.L.C.*, 149 F.R.D. 135, 138-39 (E.D. Tex. 1993) (voluntary dismissal granted; case was still in pre-trial stages); *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 345 (M.D. Fla. 1992) (voluntary dismissal granted; no discovery had been conducted and no trial date had been set). Second, there is no indication that plaintiffs are acting in bad faith in seeking dismissal. *See Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1553

---

plaintiff's right to voluntarily dismiss his action without prejudice, not only circumvents the plain language of the rule, but flies in the face of the" rationale underlying a strict application of the language of Rule 41. Furthermore, the clear language of Rule 12(b) which permits a 12(b)(6) motion accompanied by extraneous materials to be treated as a motion for summary judgment is directed, not at the parties, but at the court; conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude the extraneous matters.

*Aamot*, 1 F.3d at 444-45. Thus, at the time plaintiffs filed their requests for voluntary dismissal, defendants had not filed a summary judgment motion, but only a motion to dismiss.

[2]This is particularly true where, as here, the plaintiffs are proceeding *pro se*. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("handwritten *pro se* document is to be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

(N.D. Ill. 1989) (dismissal appropriate where there is no indication that plaintiff did not act in good faith). Finally, and most importantly, defendants have not filed a response indicating their opposition to voluntary dismissal.

If the Court accepts this recommendation, plaintiff Warner's motions to compel law library time and to disqualify the Attorney General are moot. No other plaintiff has signed or otherwise joined in these motions (although other plaintiff's have filed their own motion to disqualify the Attorney General), and therefore plaintiff Warner's dismissal from the case moots any issue regarding law library time or the Attorney General's representation of defendants as it relates to him.

D.   *Conclusion*

In view of the foregoing, the Court should construe plaintiff Warner's motion to remove name and plaintiff Rider's request to be removed from the case as motions for voluntary dismissal under Rule 41. The Court should also conclude that the motions are proper notices of dismissal under Rule 41(a)(1) which of themselves have served to dismiss the claims of these plaintiffs, or alternatively that the motions should be granted and the claims of these plaintiffs dismissed without prejudice pursuant to Rule 41(a)(2). Finally, if the Court accepts this recommendation, the Court should deny as moot plaintiff Warner's motion to compel law library time and motion to disqualify the Michigan Attorney General.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health*

*& Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
> s/Eddrey Butts
> Case Manager