UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

            Plaintiffs,

  v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

            Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (docket #14)

I.    RECOMMENDATION: The Court should deny plaintiffs' motion for class certification (docket #14). This denial should be without prejudice to plaintiffs renewing their motion for class certification if they obtain adequate counsel.

II.    REPORT:

1

A.    *Procedural Background*

    1.    *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities. Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties. This Report addresses plaintiffs' motion for class certification (docket #14), filed on April 24, 2006. The remaining motions are addressed in separate Reports and Orders entered on this date.

    2.    *Background Relating to the Instant Motion*

In their motion, plaintiffs seek to certify a class of prisoners falling into four categories: (1)

all prisoners housed at the Mid-Michigan Correctional Facility who are affected by the conditions of confinement at that facility; (2) all prisoners in both prisons located in St. Louis who are being forced to drink contaminated water; (3) all prisoners located in Level One prisons throughout that state containing more than six prisoners in one cubicle; and (4) all Michigan prisoners who are directly or indirectly affected by the Michigan Department of Corrections's unconstitutional polices. Plaintiffs contend that the claims of all these prisoners raise common legal and factual issues, and that they will adequately represent the interests of the class.

B.     *Legal Standard*

The standards governing certification and maintenance of class actions are set forth in Rule 23 of the Federal Rules of Civil Procedure. In relevant part, Rule 23 provides:

> (a) **Prerequisites to a Class Action**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) **Class Actions Maintainable**. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient

> adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23.  As the language of the rule makes clear, a class action may not be certified unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a), as well as at least one of the conditions set forth in subdivision (b).  *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  The named plaintiffs bear the burden of establishing these prerequisites.  *See id*.  Because a class action binds parties not involved, and perhaps not aware, of the class action, certification of a class implicates interests protected by the Due Process Clause.  For this reason, a court must conduct a "rigorous analysis" of the Rule 23 factors before certifying a class action.  *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

C.      *Analysis*

Here, the Court need not consider each of the factors set forth in Rule 23, because the named plaintiffs cannot satisfy the fourth prerequisite set forth in subdivision (a), *i.e.*, that they will fairly and adequately represent the interests of the class members.  As the Sixth Circuit has explained, to establish adequacy of representation under Rule 23(a)(4), both common interests must exist between the named plaintiffs and the purported class members, and "it must appear that the representative will vigorously prosecution the interests of the class *through qualified counsel*."  *American Med. Sys.*, 75 F.3d at 1083 (internal quotation omitted).  Thus, a court considering class certification must take into account "the experience and ability of counsel for the plaintiffs."  *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977); *cf. General Tel.*, 457 U.S. at 157 n.13.

4

Here, plaintiffs are proceeding *pro se* and are not represented by counsel. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). For this reason, "non-attorneys proceeding *pro se* cannot adequately represent a class." *Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004); *accord Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Fymbo*, 213 F.3d at 1321; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003). Thus, the named *pro se* plaintiffs fail to satisfy the adequacy of representation requirement of Rule 23(a)(4), and they may not maintain a class action on behalf of other prisoners.[1]

D.   *Conclusion*

In view of the foregoing, the Court should deny plaintiffs' motion for class certification. This denial should be without prejudice to plaintiffs renewing their motion of they obtain counsel who can adequately represent the interests of the purported class members.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

---

[1] Plaintiffs' request for appointment of counsel is addressed in a separate Opinion issued on this date. As explained in that order, Rule 23 does not itself provide a basis for appointing counsel to an indigent plaintiff.

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
>                               s/Eddrey Butts  
>                               Case Manager