UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

            Plaintiffs,

  v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

           Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY THE ATTORNEY GENERAL'S OFFICE (docket #24)**

I.    OPINION

A.    *Procedural Background*

    1.    *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan

1

Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006.  Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities.  Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties.  This Opinion and Order addresses plaintiff's motion to disqualify the Michigan Attorney General from representing the defendants in this case.  The remaining motions are addressed in separate Reports and Orders entered on this date.

B.   *Analysis*

Plaintiffs Rouse and Hoffman filed the instant motion on July 20, 2006.  In their motion, plaintiff's seek an order disqualifying the Michigan Attorney General from representing the defendants in this case.  Plaintiffs contend that the Attorney General is bound to enforce and defend

the laws and constitution of the State of Michigan, and therefore that it cannot properly defendant the defendants, who have engaged in conduct which violates these laws. Plaintiffs' motion presents a nondispositive matter which I may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See Hammond v. City of Junction City, Kan.*, 167 F. Supp. 2d 1271, 1289 (D. Kan. 2001); *Gray v. Rhode Island Dep't of Children, Youth & Families*, 937 F. Supp. 153, 156 (D.R.I. 1996).

Whether defendants are entitled to representation by the Michigan Attorney General is a matter of both state law and the contract between the State and its employees. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Absent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, this Court has no power to prevent the Attorney General from representing defendants and plaintiffs have no standing to challenge that representation. *See O'Connor v. Jones*, 946 F.2d 1395, 1399-1400 (8th Cir. 1991); *Manchester v. Rzewinicki*, 777 F. Supp. 319, 325, 328 (D. Del. 1991), *aff'd*, 958 F.2d 364 (3d Cir. 1992) (unpub.); 7 AM. JUR. 2D *Attorney General* § 24 (1997) ("It is generally acknowledged that the attorney general is the proper party to determine the necessity and advisability . . . of defending actions against the state or its officials[.]"). The mere allegation that defendants violated plaintiffs constitutional and statutory rights does not establish a conflict of interest.

II. **ORDER**

In view of the foregoing, it is ORDERED that plaintiffs' motion to disqualify the Michigan Attorney General is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections

for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

   IT IS SO ORDERED.


                                                     s/Paul J. Komives  
                                                     PAUL J. KOMIVES  
                                                     UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
>                               s/Eddrey Butts  
>                               Case Manager