UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

    Plaintiffs,

 v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

    Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON (1) PLAINTIFFS' EX PARTE MOTION FOR PRELIMINARY INJUNCTION (docket #3); and (2) PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR SHOW CAUSE HEARING (docket #4)**

I. RECOMMENDATION: The Court should deny plaintiffs' ex parte motion for preliminary injunction (docket #3) and plaintiffs' motion for temporary restraining order (docket #4). These denials should be without prejudice to plaintiffs renewing their request for injunctive relief when they are able to adduce evidence demonstrating their entitlement to such relief.

II.     REPORT:

A.     *Procedural Background*

1.     *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities. Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties. This Report addresses the motions of plaintiffs Rouse and Hoffman for a temporary restraining order and preliminary injunction (docket #3 and #4). The remaining motions are addressed in separate Reports and Orders entered on this date.

      2.     *Background Relating to the Instant Motions*

On March 3, 2006, contemporaneous with the filing of their complaint, plaintiffs Rouse and Hoffman filed an ex parte motion for preliminary injunction (docket #3). In this motion, plaintiffs seek a preliminary injunction preventing defendants from transferring any of the plaintiffs or otherwise retaliating against them. Plaintiffs also seek an order requiring any plaintiffs who have already been transferred from the St. Louis and Mid-Michigan Correctional Facilities to be transferred back to those facilities. On the same date, plaintiffs Rouse and Hoffman filed a motion for a temporary restraining order and/or for a show cause hearing why a preliminary injunction should not issue (docket #4). In this motion, plaintiffs seek preliminary injunctive relief related to the substance of their claims. Specifically, plaintiffs seek an injunction requiring defendants to: (1) refrain from housing more than 800 prisoners at the Mid-Michigan Correctional Facility; (2) appoint one full time doctor and one physician's assistant at the Mid-Michigan Facility; (3) appoint one full time nurse; and (4) issue bottled water to all prisoners at the St. Louis Correctional Facility.

B.    *Legal Standard*

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also*, *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003).

"'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir.2001)); *see also*, *Taubman Co.*, 319 F.3d at 774. Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also*, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Further, as the Supreme Court has held, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959). Thus, "[t]he threat of irreparable harm is a sine qua non for granting preliminary injunctive relief." *Christie-Spencer Corp. v. Hausman Realty Co., Inc.*, 118 F. Supp. 2d 408, 423 (S.D.N.Y. 2000); *accord Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002); *see also*, *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982) ("A district court abuses its discretion when it grants a preliminary injunction without making specific findings of irreparable injury to the party seeking the injunction.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly

4

demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

With respect to the likelihood of success factor, plaintiffs need not show that they are sure to prevail on any of their claims. However, they must, "at a minimum, show[] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted); *see also*, *Gaston Drugs, Inc. v. Metropolitan Life Ins. Co.*, 823 F.2d 984, 988 & n.2 (6th Cir. 1987). With respect to the harm factor, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. As the Supreme Court has noted,

> "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 924 (D.C. 1958)). In short, "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. In evaluating the harm facing the plaintiffs, the Court must evaluate three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th

Cir. 1987).

Finally, in addition to these four factors which govern all preliminary injunctions, plaintiffs' suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).[1]

C.   *Analysis*

1.   *Transfers/Retaliation*

Plaintiffs first seek a preliminary injunction preventing their transfers to other prisons during the pendency of this suit, and preventing the defendants from retaliating against them for filing this suit. The Court should conclude that plaintiffs are not entitled to this injunctive relief.

With respect to the transfer issue, plaintiffs can show neither a likelihood of success or irreparable harm. Plaintiffs have no constitutional right to remain in a particular institution, and prison officials are afforded broad discretion in transferring inmates. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). As the Supreme Court has noted,

> [T]he problems that arise in the day-to-day operation of a corrections facility are not

---

[1] The referenced principles of comity prevent a court from ordering "any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless–(i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(B).

6

> susceptible of easy solutions. Prison administrators therefore should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see also, Meachum*, 427 U.S. at 228-29; *Pell v. Procunier*, 417 U.S. 817, 822, 827 (1974). This deference counsels against the issuance of a preliminary injunction in this case. Nor can plaintiffs establish irreparable harm. The mere fact that plaintiffs' transfers may make it harder for them to prosecute this litigation is not the type of irreparable harm justifying the issuance of a preliminary injunction. Any problems caused by the housing of plaintiffs at different institutions can be accomplished through the management of this case, and in particular the scheduling of matters before the Court. *See Fox v. Blades*, No. CV-05-282, 2005 WL 2847229, at *2 (D. Idaho Oct. 28, 2005); *Seymour/Jones v. Stachelek*, No. 91-7918, 1992 WL 309686, at *1 (E.D. Pa. Oct. 20, 1992). In light of the fact that plaintiffs have no right to be housed in a particular institution, the absence of irreparable harm, and the deference accorded prison administrators in prison assignments, plaintiffs are not entitled to a preliminary injunction preventing their transfers to other institutions. *See Fox*, 2005 WL 2847229, at *2; *McFalls v. Taylor*, No. 2:05CV82, 2005 WL 2045785, at *1 (N.D. Miss. Aug. 24, 2005); *Keller v. Van Tatenhove*, No. 05-CV-193, 2005 WL 1378861, at *5-*6 (E.D. Ky. June 8, 2005).

On the retaliation issue, plaintiffs have not shown that they have in fact been retaliated against, or that such retaliation has been threatened. "With respect to Plaintiff[s'] vague, generalized allegations of retaliation and harassment, it is not the purpose of a preliminary injunction to prevent such speculative behavior." *Dupree v. Hickman*, No. CVF 05 1289, 2006 WL 120094, at *2 (E.D. Cal. Jan. 13, 2006); *see also*, *Keller*, 2005 WL 1378861, at *5. Further, plaintiffs cannot establish irreparable harm because, if they are transferred in retaliation for filing this action, are retaliated

7

against in any other fashion, they will have an adequate remedy at law. *See Parker-Bey v. Roth*, No. 90 C 2983, 1992 WL 314191, at *3 (N.D. Ill. Oct. 26, 1992). *See generally*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-400 (6th Cir. 1999) (en banc) (discussing substance and elements of a First Amendment retaliation claim). This "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm." *Sampson*, 415 U.S. at 90 (internal quotation omitted).

2.  *Housing and Medical Care Issues*

Plaintiffs next seek an injunction barring the MDOC from housing more than 800 prisoners at the Mid-Michigan Correctional Facility, and requiring the MDOC to provide additional medical staff at the facility. With respect to the housing issue, however, plaintiffs have failed to submit the evidence necessary to substantiate their claims and clear the high hurdle imposed by Rule 65. While plaintiffs allege that they lack sufficient space, an Eighth Amendment claim requires more than this mere allegation. To succeed on an Eighth Amendment claim, plaintiffs must show that defendants were deliberately indifferent to the health or safety of the inmates. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "For injunctive relief, the plaintiffs must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so.'" *Laube v. Haley*, 234 F. Supp. 2d 1227, 1242 (M.D. Ala. 2002) (quoting *Farmer*, 511 U.S. at 846). Beyond plaintiffs' allegations, the record contains no evidence regarding the amount of space each inmate is allotted, the amount of time he is required to spend in that space, and the adverse effects caused by the alleged overcrowding. Without such evidence, plaintiffs have failed to carry their burden of demonstrating both a likelihood of success on their Eighth Amendment claim and irreparable harm. *See id*. at 1244.

Likewise, plaintiffs have failed to show irreparable harm with respect to their medical claims. Regardless of whether the past, specific actions of the medical staff entitle plaintiffs to relief under § 1983, plaintiffs have offered no evidence to show that the level of medical staffing at the Mid-Michigan Correctional Facility is likely to cause them *future* harm. It is well-established that "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997). Plaintiffs have not provided evidence that they will require future medical attention, or that the staffing levels alone will make it impossible for them to receive adequate medical care. In the absence of such evidence, plaintiffs are not entitled to injunctive relief based on the allegedly inadequate medical attention they received in the past.

To be sure, plaintiffs may be able to adduce evidence regarding medical care and housing conditions which will satisfy their burden for establishing entitlement to injunctive relief, and the Court's denial of their motion will not preclude them from doing so. "If the plaintiffs desire, they may renew their motion for such relief when they can provide additional information to the court." *Laube*, 234 F. Supp. 2d at 1243. "Until the plaintiffs provide such information, however, the court cannot find a substantial likelihood exists that they will meet [the elements] of [their] Eighth Amendment claim," *id*., or that they will suffer irreparable harm in the absence of an injunction. Accordingly, the Court should deny plaintiffs' motions for injunctive relief without prejudice to their renewing the motions if they can adduce additional evidence to establish a likelihood of success and irreparable harm.[2]

---

[2]Importantly, on this date I have entered an Order granting plaintiffs' motion for appointment of counsel. If counsel can be secured for plaintiffs, he or she will have an opportunity to gather such evidence and seek preliminary injunctive relief.

      3.    *Water*

Finally, plaintiffs seek an injunction requiring defendants to provide them with bottled water, based on the chemical contamination of the St. Louis, Michigan, water supply. There appears to be no dispute that the St. Louis water supply was contaminated with several chemicals and metals, and that St. Louis is an Environmental Protection Agency (EPA) Superfund site. Again, however, the issue for purposes of this preliminary injunction motion is not whether the water was dangerous to drink in the past, but whether it currently is so. *See Fisher*, 981 F. Supp. at 168. Here, again, plaintiffs cannot show a likelihood of success on their Eighth Amendment claim with respect to the current water conditions, nor can they show irreparable harm. Plaintiffs themselves note that the EPA has determined that the water supply is now safe to drink, that the chemical and metal concentrations in the water supply are below acceptable levels, and that the contaminated wells have been shut down. Plaintiffs dispute these conclusion, and also suggest that there is insufficient information regarding the dangers of para-chlorobenzene sulfonic acid (p-CBSA), but they provide no evidence which disputes the EPA's conclusions regarding the safety of the water supply now being used. Again, it may be that plaintiffs will be able to adduce such evidence at a later time, and will at that time be able to make a sufficient showing of entitlement to injunctive relief. As the record now stands, however, they have not established a likelihood of success on the merits or irreparable harm with respect to the current state of the water supply. Accordingly, the Court should conclude that plaintiffs are not entitled to a preliminary injunction requiring defendants to provide them with bottled water.

D.    *Conclusion*

      In view of the foregoing, the Court should deny plaintiffs' ex parte motion for preliminary

injunction (docket #3) and motion for a temporary restraining order (docket #4). These denials should be without prejudice to plaintiffs renewing their request for injunctive relief when they are able to adduce evidence supporting their entitlement to such relief.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

11

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
> s/Eddrey Butts
> Case Manager