UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

    Plaintiffs,

 v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

    Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ESTABLISH EXHAUSTION (docket #20)

I. RECOMMENDATION: The Court should deny defendants' motion to dismiss for failure to establish exhaustion of administrative remedies (docket #20).

II. REPORT:

A. *Procedural Background*

1.  *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities. Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties. This Report addresses the motion of defendants Caruso, Lafler, and Meagher to dismiss the complaint based on plaintiffs' failure to establish exhaustion of administrative remedies. The remaining motions are addressed in separate Reports and Orders entered on this date.

2.  *Background Relating to the Instant Motion*

Defendants filed this motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) and 42 U.S.C.

§ 1997e(a) on June 27, 2006. Defendants contend that plaintiffs have failed to attach to their complaint copies of grievances relating to each claim or naming each defendant as required by *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Defendants contend that the administrative grievances that plaintiffs have submitted are insufficient to establish exhaustion with respect to each claim raised and defendant named in plaintiff's complaint. Plaintiffs Rouse and Hoffman filed a response to the motion on July 20, 2006, and defendants filed a reply on August 1, 2006. Plaintiffs Rouse and Hoffman filed a surreply, titled as a cross-claim to the motion to dismiss, on August 16, 2006.

B.   *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th

3

Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.     *Analysis*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Under the law of the Sixth Circuit governing at the time defendants filed their motion, defendants' motion to dismiss would have been proper. In *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), the Sixth Circuit held that a plaintiff bears the burden of demonstrating exhaustion, and that to do so he must attach copies of his administrative grievances to his complaint. *See id*. at 1103-04 (6th Cir. 1998). As the Sixth Circuit subsequently explained:

> A prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Under this approach, a Rule 12(b)(6) motion was generally proper, because it could be determined from the face of the complaint whether the plaintiff had adequately alleged and shown exhaustion of administrative remedies.

However, the Supreme Court has recently abrogated the Sixth Circuit's approach. In *Jones v. Bock*, 549 U.S. ___, No. 05-7058 (Jan. 22, 2007), the Supreme Court considered "whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." *Id*., slip op. at 11. Adopting the position of the majority of courts that have considered the issue, and rejecting the approach of the Sixth Circuit, the Court concluded that lack of exhaustion is an affirmative defense that must be raised and proved by the defendant. After explaining that this approach was consistent with the ordinary rule of pleading, and rejecting the justifications for the contrary rule offered by the Sixth Circuit and the state, *see id*. at 11-15, the Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*.

at 15-16.

Under *Jones*, in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the claims have not been exhausted. This generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion. Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been exhausted. It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted. *See id.* at 14 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground."). However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint." *Buester v. Equifax Information Servs.*, 435 F. Supp. 2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also*, *Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").

Here, defendants have moved for dismissal under Rule 12(b)(6) based on plaintiffs' failure to demonstrate exhaustion as required by *Brown* and its progeny. As explained, this basis for

dismissal is no longer appropriate. Because lack of exhaustion is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate only if it appears from the face of the complaint that plaintiffs have not, in fact exhausted. It is not enough that plaintiffs fail to allege that they have exhausted; nor is it sufficient that the grievances plaintiffs have attached fail to show exhaustion. Rather, the complaint affirmatively must show that they have not exhausted. Plaintiffs' complaint does not admit a failure to exhaust, nor provide any other basis on its face to conclude from the allegations that plaintiffs have not exhausted their claims as a matter of law. Accordingly, under *Jones* and the ordinary standards governing Rule 12(b)(6) motions, defendants are not entitled to dismissal of the complaint.

D.    *Conclusion*

In view of the foregoing, the Court should deny defendants' motion to dismiss for failure to establish exhaustion of administrative remedies.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                   s/Paul J. Komives  
                                                   PAUL J. KOMIVES  
                                                   UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
>                                       s/Eddrey Butts  
>                                        Case Manager