UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY
CURTIS, MICHAEL KANIPE, DOUGLAS
WARNER, CARLTON RIDER, DANNY FRITTS,
RICHARD BOONE II, TONY PELLIN, MARK
ASHLEY, TERRY GEORGE, WILLIAM
TAYLOR, LOREN WICKER, MICHAEL LAKE,
STEWART GATES, ROBERT McMURRAY,
ERICK DeFOREST, ANTONIO MANNING,
HILTON EVANS, JOHN DOE, ONE through
SEVEN, on behalf of themselves and all other
similarly situated individuals,

          Plaintiffs,

    v.

MDOC DIRECTOR PATRICIA CARUSO,
WARDEN BLAINE LAFLER, AND DEPUTY
WARDEN BARBARA MEAGHER, THEIR
SUPERIORS, SUBORDINATES, SUB-
CONTRACTORS, CONTRACTORS,
REPLACEMENTS, PREDECESSORS, AND
JOHN/JANE DOE, EIGHT through FOURTEEN, in
their individual and official capacity,

          Defendants.

_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' TWO MOTIONS TO STRIKE (docket #25 AND #36)

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan

Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant

to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a

purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against

the defendant prison officials relating to the conditions of confinement at the facilities.  Currently pending before the Court are 15 separate motions filed by the parties.  This Opinion and Order addresses the two motions of plaintiffs Rouse and Hoffman to strike defendants' pleadings (docket #25 and #36).  The remaining motions are addressed in separate Reports and Orders entered on this date.

In their first motion to strike, plaintiffs allege that defendants' pleadings, in particular their motion to dismiss on exhaustion grounds, violate Rule 7(b)(3), which provides that "[a]ll motions shall be signed in accordance with Rule 11."  FED. R. CIV. P. 7(b)(3).  Rule 11, in turn, provides that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."  FED. R. CIV. P. 11(a).  It is true that the motions and other papers submitted by defendants have not been physically signed by defendants' attorney.  However, this is because the documents were filed electronically in accordance with this Court's Case Management/Electronic Court Filing (CM/ECF) system.  Pursuant to this Court's Electronic Filing Policies and Procedures, "[t]he user login and password serve as the filing user's signature on all papers filed electronically with the Court.  They serve as a signature for purposes of Fed.R.Civ.P. 11, all other federal rules (civil and criminal), the local rules, and for any other purpose for which a signature is required."  Electronic Filing Policies and Procedures, Rule 9(a), E.D. MICH. LR Appx. ECF; *see also*, E.D. MICH. LR 5.1.1(a) (incorporating by reference the Electronic Filing Policies).

This local rule is a permissible "adjust[ment]" of "the signature requirement . . . to keep pace with technological advances."  *Becker v. Montgomery*, 532 U.S. 757, 763 (2001); *see also*, FED. R. CIV. P. 5(e) ("A court may by local rule permit or require papers to be filed, signed, or verified by

electronic means . . . ."). It is true that plaintiffs, as *pro se* prisoners, are not "filing users" under the Court's CM/ECF system, and as such they are "entitled to a hard copy of any paper filed electronically." Electronic Filing Policies and Procedures, Rule 8(e); *see also*, E.D. MICH. LR 5.1.1(b). However, nothing in the rules requires that the hard copy of an electronically signed and filed motion itself contain an original signature. As the rules make clear, the electronic signature itself satisfies a party's signature obligations under Rules 7 and 11. *See United States v. Sodders*, No. 1:05-CV-96-TS, 2006 WL 1765414, at *1 (N.D. Ind. June 21, 2006); *cf. Jin v. Rodriguez*, No. 1:04 CV 0589, 2006 WL 39091, at *1 (E.D. Cal. Jan. 5, 2006). Accordingly, there is no basis on which to strike defendants' electronically filed pleadings, motions, and other papers.

Plaintiffs' second motion to strike relates to defendants' motion for a more definite statement filed on August 21, 2006. Plaintiffs contend that the argument made by defendants–that plaintiff Booth's surreply is illegible–is baseless. However, this argument goes to the merit of the motion, a motion which the Court has granted in part in a separate Order on this date. Accordingly, there is no basis for striking defendant's motion for more definite statement.

Finally, both motions to strike fail under the plain language of Rule 12, the rule upon which plaintiffs rely. In relevant part, Rule 12 provides that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). By its terms, the rule is limited to matters contained in pleadings. Under the Rules, pleadings are limited to "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14, and a third-party answer, if a third-party complaint is served." FED. R. CIV. P. 7(a). Importantly,

3

the rule provides that, except for a court-ordered reply to an answer, "[n]o other pleading shall by allowed." *Id.*  Thus, neither defendants' motions nor responses to motions constitute "pleadings" subject to Rule 12(f).  *See Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005); *Thomas v. Bet Sound-Stage Restaurant/BrettCo., Inc.*, 61 F. Supp. 2d 448, 458 (D. Md. 1999).  "The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." *United States v. Crisp*, 190 F.R.D. 546, 550 (E.D. Cal. 1999).

In view of the foregoing, it is ORDERED that plaintiffs' two motions to strike are hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
> s/Eddrey Butts
> Case Manager