UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

            Plaintiffs,

  v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

            Defendants.

_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

**OPINION AND ORDER DENYING PLAINTIFF ROUSE'S MOTION TO ADD PARTIES (docket #38) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF ROUSE'S MOTION TO AMEND (docket #39)**

I.    OPINION

A.    *Procedural Background*

      1.    *General Background*

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan

1

Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against the defendant prison officials relating to the conditions of confinement at the facilities. Plaintiffs' complaint is divided into five claims for relief: (1) an Eighth Amendment claim based on denial of medical care and medication, dangerous noise levels, denial of restroom use, serious disease outbreaks, and prisoners being forced to wait in the cold to receive medications; (2) an Eighth Amendment claim based on cold cubicles and poor ventilation, cramped living space, denial of hygiene, and contaminated drinking water; (3) an Eighth Amendment claim based on the lack of a proper fire suppression system, overcrowded conditions, and prisoner access to inmates' files; (4) a First Amendment access to courts claim based on inadequate law library time and inadequate law library resources; and (5) a Fourteenth Amendment due process claim based on removal of property without a proper hearing and removal of funds from prisoner accounts without hearing and in excess of that authorized by law.

Currently pending before the Court are 15 separate motions filed by the parties. This Opinion and Order addresses plaintiff Rouse's motion to add parties (docket #38) and motion to amend the complaint (docket #39), both filed on November 7, 2006. The remaining motions are addressed in separate Reports and Orders entered on this date.

2.   *Background Relating to the Instant Motion*

In his motion to add parties, plaintiff seeks to add a number of defendants and plaintiffs to this lawsuit. Specifically, plaintiff proposes to add as defendants: (1) an unnamed doctor at the St. Louis Temporary Facility ("STF"); (2) the STF Health Care Staff; (3) the STF accountant; (4)

Correctional Medical Services; (5) persons identified by last name as Adams, Huddle, Wilson, and Mitchell; (5) all medical staff at the Pine River Correctional Facility; and (6) the United States Environmental Protection Agency ("EPA") and its Director. As additional plaintiffs, plaintiff Rouse seeks to add two prisoners–Christopher Kaczmarek and Darrell Morey–as well as all citizens of St. Louis, Michigan. Plaintiff also seeks to add, for purposes of establishing class action standing, a number of ill or deceased former prisoners. In his motion to amend, plaintiff seeks to add a claim against the EPA relating to its handling and disclosure of the water contamination problem in St. Louis, Michigan. He also seeks to add a claim against Jack Hawkins, an MDOC maintenance supervisor, alleging termination and harassment by Hawkins on the basis of plaintiff Rouse's religious beliefs. Defendants filed a combined amended response to the motions on November 27, 2006. Defendants contend that plaintiff Rouse's motions should be denied because he has failed to establish exhaustion, failed to state a claim, and is seeking to litigate on behalf of other parties. Plaintiff filed a combined amendment clarification and motion for summary judgment on December 11, 2006.[1]

B.  *Legal Standard*

Ordinarily, leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). As with all of the Federal Rules of Civil Procedure, this rule "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Generally, courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir.

---

[1] The summary judgment motion is addressed in a separate Report and Recommendation filed on this date.

1941). As the Supreme Court has stated:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In short, courts should construe liberally Rule 15(a) in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance is when amendment would be "futil[e]." *Foman*, 371 U.S. at 182; *see also*, *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b)(6), that is, when the proposed amendment fails to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

C.   *Analysis*

4

1.   *Additional Plaintiffs*

Plaintiff Rouse's motion to add other plaintiffs fails because he, as a *pro se* plaintiff, may not represent other parties in this action. By statute, "parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. The statute does not, however, permit a non-attorney to represent another litigant. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). Thus, a plaintiff "ha[s] no statutory nor constitutional right to be represented in federal court by a non-lawyer," *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004), and "[a] *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000); *see also*, *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005). Here, none of the proposed additional plaintiffs signed the original complaint, either personally or through counsel. Likewise, none have signed an amended complaint nor plaintiff Rouse's motion. If these parties wish to join this action, they may seek to do so through a properly filed motion to intervene under Rule 24, signed by themselves personally or through counsel. Plaintiff Rouse, however, may not bring any claims on their behalf, and thus the motion to amend the complaint to add these plaintiffs must be denied. *See Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38-39 (D. Mass. 2001).

2.   *Additional Defendants (Except the EPA and Hawkins)*

With the exception of plaintiff's proposed claims against the EPA and Jack Hawkins, plaintiff Rouse's attempt to add other defendants fails for the same reason. With respect to each of

the proposed additional defendants, plaintiff includes a parenthetical identifying the particular plaintiff to whom the defendant relates. None of these plaintiffs has signed or otherwise joined plaintiff Rouse's motion, and none of the proposed defendants (except for the EPA and Hawkins) appear to be related to plaintiff Rouse's individual claims. Because plaintiff Rouse cannot litigate the interests of other plaintiffs, the motion to amend with respect to these defendants must be denied.

Further, amendment to add these defendants would be futile because plaintiff has not stated a claim for relief against these defendants. Plaintiff's motion simply identifies these proposed defendants. He does not state any legal claims or factual allegations against these defendants in his motion, nor has he submitted a copy of a proposed amended complaint. *See* E.D. MICH. LR 15.1. Because plaintiff has failed to assert any factual allegations or legal claims against these particular defendants, amendment would be futile. *See Rockefeller v. United States Ct. of App. Office, for the 10th Cir. Judges*, 248 F. Supp. 2d 17, 20 n.2 (D.D.C. 2003).

3.   *Claims Against the EPA*

In his motion to add parties, plaintiff Rouse seeks to add the United States Environmental Protection Agency as a party. In his motion to amend, plaintiff alleges that the EPA withheld from the public for over one year the results of testing which showed contamination of the St. Louis water supply. However, leave to amend to add this claim would be futile because plaintiff has failed to suggest, and the Court has found, no basis upon which such a claim may be brought.

The United States is immune from suit except to the extent that it has consented to be sued. *See Delehite v. United States*, 346 U.S. 15 (1951); *United States v. Sherwood*, 312 U.S. 584 (1941). Section 1983 provides no basis for suit against the EPA. That provision applies to "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory

6

or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. An agency, such as the EPA, is not a "person" within the meaning of § 1983. *See Scott v. United States Veterans' Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 146 (5th Cir. 1991); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, "[a]ctions of the federal government and its officials are beyond the province of section 1983, which applies only to state actors acting under color of state law." *Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997); *see also*, *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).

Nor can plaintiff proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971), in which the Supreme Court implied a damage remedy against federal officers for the violation of the plaintiff's Fourth Amendment rights. This implied damage remedy has since been expanded to include other constitutional violations. *See, e.g., Carlson v. Green*, 446 U.S. 14, 18-20 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228, 234-35 (1979) (equal protection); *Butz v. Economou*, 438 U.S. 478, 496-504 (1978) (First and Fifth Amendments). For the most part, the *Bivens* doctrine serves as a counterpart to suits against state officers under 42 U.S.C. § 1983. *See Butz*, 438 U.S. at 504. However, a *Bivens* claim may be asserted only against individual federal officers. Thus, a *Bivens* claim may not be brought against a federal agency, such as the EPA. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Nor can plaintiff seek relief against the EPA under the Federal Tort Claims Act (FTCA). The FTCA is a limited waiver of the sovereign immunity of the United States. *United States v.*

7

*Kubrick*, 444 U.S. 111 (1979); *United States v. Orleans*, 425 U.S. 807 (1976).  Under the FTCA, the United States is liable for injury, property loss, or death caused by the negligent or wrongful acts of any government employee in the same manner and to the same extent as a private individual would be under the law of the place where the act occurred. 28 U.S.C. §§ 1346(b), 2674; *see also*, *United States Gold & Silver Invs., Inc. v. United States ex rel. Director, U.S. Mint*, 885 F.2d 620 (9th Cir. 1989); *Mellott v. United States*, 808 F. Supp. 746 (D. Mont. 1992).  The FTCA "did not create new causes of action where none existed before. . . . 'Its effect is to waive immunity from recognized causes of action and [is] not to visit the Government with novel and unprecedented liabilities.'" *Delehite*, 346 U.S. at 43 (quoting *Feres v. United States*, 340 U.S. 135, 142 (1950)).  Accordingly, the law of the place where the act occurred governs the suit.  *See* 28 U.S.C. § 1346(b).  In order to state a claim, plaintiff must establish a prima facie case for liability under the law of the state in which the act occurred.  *See Wardwell v. United States*, 764 F. Supp. 679, 681 (D. Me. 1991). Plaintiff has identified, and the Court has found, no Michigan tort law which would provide liability for the EPA's alleged failure to publicly release its test results.

Further, under the FTCA, a claim must be presented to the appropriate federal agency before a tort action may be filed against the United States.  *See* 28 U.S.C. § 2675(a).  This section in pertinent part states:

> An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligence or wrongful act or omission of any employee of the government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).  To satisfy this requirement courts require proof of:  (1) written notice sufficient to enable the appropriate agency to investigate; and (2) a value placed on the claim.

8

*Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994) (citing *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). The administrative claim prerequisite is a jurisdictional requirement which cannot be waived. *See Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Juide v. City of Ann Arbor*, 839 F.Supp. 497, 508 (E.D. Mich. 1993). The burden is on the plaintiff seeking recovery under the FTCA to plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See In Re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Plaintiff has not alleged that he provided sufficient notice of his claim to the EPA.

This leaves as the only possible bases for suit various environmental laws. These laws are equally unavailing to plaintiff. For example, the Clean Water Act does authorize a citizen suit "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under [the Act] which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). The Safe Drinking Water Act contains a nearly identical authorization for citizen suits, *see* 42 U.S.C. § 300j-8(a)(2), as does the Toxic Substances Control Act, *see* 15 U.S.C. § 2619(a)(2). However, again plaintiff has failed to identify any provision of these Acts which required the EPA to publish its water testing results and the Court has found no such provision in the Acts. Further, each Act provides that suit may not be brought "prior to sixty days after the plaintiff has given notice of such action to the Administrator," 33 U.S.C. § 1365(b)(2); 42 U.S.C. § 300j-8(b)(2); 15 U.S.C. § 2619(b)(2), and plaintiff has not alleged that he provided such notice. Plaintiff does allege that the EPA's test results provided it with notice of the water contamination, but this is not what the Acts require. The Acts and their accompanying regulations require notice of the plaintiff's "action," *see* 33 U.S.C. § 1365(b)(2); 42 U.S.C. § 300j-8(b)(2); 15 U.S.C. § 2619(b)(2), and the notice must "identify the provision of the Act which requires such act or creates such duty [and] describe with

reasonable specificity the action taken or not taken by the Administrator which is alleged to constitute a failure to perform such act or duty[.]" 40 C.F.R. §§ 135.3(b), 135.12(b), 702.62(b). Plaintiff does not identify any provision of these Acts violated by the EPA, nor does he allege that he provided notice of his suit in accordance with the Acts.

In short, plaintiff has provided no basis upon which to base his claim against the EPA. The allegations thus fail to stat e a legal claim for relief, and leave to amend to add this claim would therefore by futile.

4.      *Claim Against Jack Hawkins*

In his motion to amend the complaint, plaintiff Rouse alleges that MDOC employee Jack Hawkins discriminated against him based on his religious beliefs. Specifically, he contends that Hawkins wrote false work reports and terminated him from prison employment based on his religious beliefs, and that Hawkins disparaged his religious beliefs. Plaintiff Rouse contends that these actions violate the Religious Land Use and Institutionalized Persons Act (RLUIPA), which in relevant part provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>    (1) is in furtherance of a compelling governmental interest; and
>    (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The RLUIPA provides for a civil case of action for any violation of the act. *See id*. § 2000cc-2(a). "Government," as used in the act, includes any "person acting under color of state law." *Id*. § 2000cc-5(4)(A)(iii). The RLUIPA does not define "substantial burden," but the courts that have considered the Act have defined the term by reference to the Supreme

Court's First Amendment case law.  Under the RLUIPA, a substantial burden must be more than an inconvenience on religious exercise.  Rather, the challenged government conduct "must impose a significantly great restriction or onus upon such exercise." *Guru Nanak Sikh Society of Yuba City v. County of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation omitted).  In other words, "a 'substantial burden is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004); *see also*, *Lovelace v. Lee*, ___ F.3d ___, ___, 2006 WL 3823127, at *6 (4th Cir. Dec. 29, 2006).

Under this standard, plaintiff Rouse's claim that Hawkins harassed him based on his religious beliefs fails to state a claim for relief under the RLUIPA.  Mere verbal harassment does not embody the type of coercive pressure which amounts to a substantial burden on religious exercise.  *See Madison v. Kilbourne*, No. 7:04CV00639, 2006 WL 2037572, at *4 (W.D. Va. July 18, 2006).  However, plaintiff Rouse's claim that Hawkins terminated him from his prison employment does state a claim for relief under RLUIPA.  The Supreme Court has explained that a governmental law or action constitutes a substantial burden when an "employee [is] put to a choice between fidelity to religious belief or cessation of work." *Thomas v. Review Bd. of the Indiana Employment Sec. Div.*, 450 U.S. 707, 717 (1981); *see also*, *Sherbert v. Verner*, 374 U.S. 398, 404 (1963) (law substantially burdened plaintiff's exercise of religious where it "force[d] her to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept work, on the other hand."). Although *Thomas* and *Sherbert* were decided under the Free Exercise Clause of the First Amendment, it is clear that the Court's explanation of "substantial burden" under that Clause

11

governs the interpretation of "substantial burden" under the RLUIPA. *See Lovelace*, ___ F.3d at ___ n.8, 2006 WL 3823127, at *16 n.8; *Vision Church v. Village of Long Grove*, 468 F.3d 975, 996-97 (7th Cir. 2006). Accordingly, plaintiff Rouse has stated a claim for relief, and will be permitted to amend his complaint to add a claim that Jack Hawkins violated the RLUIPA by terminating him from his prison employment.

II.     **ORDER**

In view of the foregoing, it is ORDERED that plaintiff Rouse's motion to add parties is hereby DENIED. It is further ORDERED that plaintiff Rouse's motion to amend the complaint is GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED to the extent that plaintiff seeks to add a claim alleging that Jack Hawkins violated the RLUIPA by terminating him from his employment, and is DENIED in all other respects. It is further ORDERED that plaintiff Rouse may file an amended complaint adding this single claim within 21 days of the date of this Order.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
> s/Eddrey Butts
> Case Manager

13