UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, CLAUDE HOFFMAN, GUY CURTIS, MICHAEL KANIPE, DOUGLAS WARNER, CARLTON RIDER, DANNY FRITTS, RICHARD BOONE II, TONY PELLIN, MARK ASHLEY, TERRY GEORGE, WILLIAM TAYLOR, LOREN WICKER, MICHAEL LAKE, STEWART GATES, ROBERT McMURRAY, ERICK DeFOREST, ANTONIO MANNING, HILTON EVANS, JOHN DOE, ONE through SEVEN, on behalf of themselves and all other similarly situated individuals,

        Plaintiffs,

v.

MDOC DIRECTOR PATRICIA CARUSO, WARDEN BLAINE LAFLER, AND DEPUTY WARDEN BARBARA MEAGHER, THEIR SUPERIORS, SUBORDINATES, SUB-CONTRACTORS, CONTRACTORS, REPLACEMENTS, PREDECESSORS, AND JOHN/JANE DOE, EIGHT through FOURTEEN, in their individual and official capacity,

        Defendants.
_____/

CASE NO. 06-CV-10961-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL KOMIVES

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MORE DEFINITIVE STATEMENT (docket #34)**

Plaintiffs, nineteen current and former inmates of the St. Louis and Mid-Michigan Correctional Facilities in St. Louis, Michigan, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2006. Plaintiffs bring claims, on behalf of themselves and a purported class of all prisoners at the St. Louis and Mid-Michigan Correctional Facilities, against

the defendant prison officials relating to the conditions of confinement at the facilities.  Currently pending before the Court are 15 separate motions filed by the parties.  This Opinion and Order addresses the motion of defendants Caruso, Lafler, and Meagher for a more definitive statement (docket #34).  The remaining motions are addressed in separate Reports and Orders entered on this date.

Defendants seek a more definitive statement pursuant to Rule 12(e).  Defendants contend that plaintiff Boone's surreply (docket #31) relating to their motion to dismiss based on exhaustion is illegible, as are some of the exhibits attached to that surreply.  A review of the documents on the Court's electronic docket confirms that the surreply itself is of poor quality and cannot be read, and that portions of two exhibits cannot be read.  With respect to the exhibits, plaintiff Boone responds that the copies he submitted were received in their present condition from the Michigan Department of Corrections through a Freedom of Information Act request, and that he does not have any copies of these grievance forms which are of better quality.  Defendants have not filed a reply disputing this assertion.  Accordingly, defendants' motion will be denied with respect to the exhibits.  However, plaintiff does not assert that it is impossible to provide a legible copy of the surreply itself–which was prepared by plaintiff Boone–and the Court agrees that it is impossible to consider plaintiff Boone's surreply without a legible copy of that surreply.  Accordingly, defendants motion will be granted with respect to the surreply itself.  In any event, in light of my Recommendation, filed on this date, that the defendants' motion to dismiss for failure to establish exhaustion should be denied, the issues raised in plaintiff Boone's surreply are moot.

In view of the foregoing, it is ORDERED that defendants' motion for a more definitive statement is hereby GRANTED IN PART and DENIED IN PART.  Specifically, the motion is

granted with respect to the surreply, but denied with respect to the exhibits attached to that surreply.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


                s/Paul J. Komives
                PAUL J. KOMIVES
                UNITED STATES MAGISTRATE JUDGE

Dated: 1/24/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.
>
>        s/Eddrey Butts
>        Case Manager