UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                    Plaintiffs,

                                  CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, et al.,                HONORABLE PAUL V. GADOLA
                      Defendants.       U.S. DISTRICT COURT
_____/

## ORDER

This is a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs have named numerous prison officials as Defendants. Before the Court is Plaintiff Rouse's motion for summary judgment [docket entry #43] and the January 24, 2007, Report and Recommendation of Magistrate Judge Paul Komives [docket entry # 48] on Plaintiff's motion.

A court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because Plaintiff Rouse filed objections,[1] the Court reviewed *de novo* those portions of the record to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the court accepts a report and recommendation, the court is not required to state with specificity what it reviewed; it is sufficient for the court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery and upon motion,* against a party who fails to make a showing sufficient to establish the existence

---

[1] *See* Pl. Rouse's Objs., pp. 4-5, ¶ 26, 29 [docket entry #62].

of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett* , 477 U.S. 317, 322 (1986) (emphasis added).  Accordingly, "[t]his Court has a general policy that motions for summary judgment will not be considered until *after the close of discovery*."  *Ramik v. Darling Int', Inc*., 161 F. Supp. 2d 772, 776 n. 1 (E.D. Mich. 2001) (Gadola, J.) (emphasis added) (citing *McLaren Performance Techs., Inc. v. Dana Corp*., 126 F. Supp. 2d 468, 470 (E.D. Mich. 2000) (Gadola, J.); *Helwig v. Kelsey-Hayes Co.* , 907 F. Supp. 253, 255 (E.D. Mich. 1995) (Gadola, J.)).

In this case, the parties have not completed discovery.  Therefore, summary judgment is not appropriate at this time and Plaintiff's motion must be denied as premature.  For the reasons stated in the Report and Recommendation, and for those reasons stated in this order;

**IT IS HEREBY ORDERED** that Plaintiff Rouse's objections pertaining to this Report and Recommendation [docket entry #62] are **OVERRULED**.

**IT IS FURTHER ORDERED** that, to the extent that it is not inconsistent with this order, Magistrate Judge Komives' Report and Recommendation [docket entry #48] is **ACCEPTED AND ADOPTED** as an order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff Rouse's motion for summary judgment [docket entry #43] is **DENIED AS PREMATURE**.

**SO ORDERED.**

Dated:  March 23, 2007           s/Paul V. Gadola  
                                                  HONORABLE PAUL V. GADOLA  
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 23, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Cori E. Barkman; A. Peter Govorchin                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Mark Ashley; Richard Boone, II; Guy Curtis; Erick DeForest; Hilton Evans; Danny Fritts; Stewart Gates; Terry George; Claude Hoffman; Michael Kanipe; Michael Lake; Antonio Manning; Robert McMurray; Tony Pellin; Carlton Rider; Arthur Rouse; William Taylor; Douglas Warner; Loren Wicker                                                             .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845