UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                    Plaintiffs,

                              CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, et al.,                HONORABLE PAUL V. GADOLA

                Defendants.     U.S. DISTRICT COURT

_____/

## ORDER

This is a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs have named numerous prison officials as Defendants. Before the Court is Plaintiff Rouse and Hoffman's motion for class certification [docket entry #14] and the January 24, 2007, Report and Recommendation of Magistrate Judge Paul Komives [docket entry # 49] on Plaintiffs' motion.

A court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because Plaintiff Rouse filed objections,[1] the Court reviewed *de novo* those portions of the record to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the court accepts a report and recommendation, the court is not required to state with specificity what it reviewed; it is sufficient for the court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In order to obtain class certification, a class must fulfill all four factors of Federal Rule of Civil Procedure 23(a), in addition to satisfying as least one factor of Rule 23(b). Fed. R. Civ. P. 23(a), (b). Examining Plaintiffs' motion to certify a class, Magistrate Judge Komives found that *pro se* Plaintiffs Rouse and Hoffman could not "fairly and adequately protect the interests of the class." *See* Report and Recommendation, p. 4 (Jan. 24, 2007) [docket entry #49] (citing Fed. R. Civ. P. 23(a)(4)). Therefore, Magistrate Judge Komives recommended that the Court deny Plaintiffs' motion to certify a class. Magistrate Judge Komives did not consider the other factors of Rule 23(a) because, failing to satisfy one factor, a consideration of the other three factors is superfluous. *See*

---

[1]*See* Pl. Rouse's Objs., pp. 1-3 [docket entry #63].

Fed. R. Civ. P. 23(a); *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

After a *de novo* review of the record, the Court finds Magistrate Judge Komives' legal conclusions sound and factual determinations correct.  It is undisputed that Plaintiffs Rouse and Hoffman are not attorneys.  It is well established that non-attorneys proceeding *pro se* cannot adequately represent a class.  *Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).   Inability to adequately represent a class requires that the court withhold class certification.  *See* Fed. R. Civ. P. 23(a); *In re American Med. Sys., Inc.*, 75 F.3d at 1079, 1083.  Consequently, Plaintiffs' motion for class certification must be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff Rouse's objections [docket entry #63] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that, to the extent that it is not inconsistent with this order, Magistrate Judge Komives' Report and Recommendation [docket entry #49] is **ACCEPTED AND ADOPTED** as an order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff Rouse and Hoffman's motion for certification of class [docket entry #14] is **DENIED WITHOUT PREJUDICE** to Plaintiffs renewing their motion if they obtain counsel that can adequately and fairly represent the interests of the purported class.

**SO ORDERED.**

Dated:    March 23, 2007           s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 23, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Cori E. Barkman; A. Peter Govorchin                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Mark Ashley; Richard Boone, II; Guy Curtis; Erick DeForest; Hilton Evans; Danny Fritts; Stewart Gates; Terry George; Claude Hoffman; Michael Kanipe; Michael Lake; Antonio Manning; Robert McMurray; Tony Pellin; Carlton Rider; Arthur Rouse; William Taylor; Douglas Warner; Loren Wicker                                              .


                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845