UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                        Plaintiffs,

                                      CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, et al.,                HONORABLE PAUL V. GADOLA

                       Defendants.      U.S. DISTRICT COURT
_____/

## ORDER

This is a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs have named numerous prison officials as Defendants.  Before the Court are: (1) Plaintiffs' ex parte motion for preliminary injunction [docket entry #3]; Plaintiffs' motion for a temporary restraining order and request for a show cause hearing [docket entry #4]; and the January 24, 2007, Report and Recommendation of Magistrate Judge Paul Komives [docket entry # 52] on Plaintiffs' motions.

A court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the court does not need to conduct a review by any standard.  *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).  If a party does object to portions of the report and recommendation, the court reviews those portions *de novo.  Lardie,* 221 F. Supp. 2d at 807.  The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision,

receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because Plaintiff Rouse filed objections,[1] the Court reviewed *de novo* those portions of the record to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the court accepts a report and recommendation, the court is not required to state with specificity what it reviewed; it is sufficient for the court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

After a *de novo* review of the record, the Court finds Magistrate Judge Komives' legal conclusions sound and factual determinations correct. Plaintiffs have not satisfied the heavy burden of demonstrating that the circumstances clearly demand injunctive relief. *See* Report and Recommendation, p. 4-5 (Jan. 24, 2007) [docket entry 52]. Accordingly, for the reasons stated in

---

[1]*See* Pl. Rouse's Objs. [docket entry #64]; Pl. Rouse's Obj. Addendum [docket entry #77]. Plaintiff Hoffman expressly stated that he "does not object to the Magistrate's recommendations," with respect to these motions. Pl. Hoffman's Objs., p. 1 ¶ 2 [docket entry #76]. No other Plaintiff made any filings with respect to these motions.

the report and recommendation;

**IT IS HEREBY ORDERED** that Plaintiff Rouse's objections pertaining to this Report and Recommendation [docket entries #64 and #77] are **OVERRULED;**

**IT IS FURTHER ORDERED** that Magistrate Judge Komives' Report and Recommendation [docket entry #52] is **ACCEPTED AND ADOPTED** as an order of the Court;

**IT IS FURTHER ORDERED** that Plaintiffs' ex parte motion for preliminary injunction [docket entry #3] and Plaintiffs' motion for a temporary restraining order and request for an order to show cause [docket entry #4] are **DENIED without prejudice** to Plaintiffs renewing their request for injunctive relief when they are able to adduce evidence supporting their entitlement to such relief.

**SO ORDERED.**

Dated:   March 23, 2007                                    s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

3

Certificate of Service

I hereby certify that on   March 23, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Cori E. Barkman; A. Peter Govorchin                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Mark Ashley; Richard Boone, II; Guy Curtis; Erick DeForest; Hilton Evans; Danny Fritts; Stewart Gates; Terry George; Claude Hoffman; Michael Kanipe; Michael Lake; Antonio Manning; Robert McMurray; Tony Pellin; Carlton Rider; Arthur Rouse; William Taylor; Douglas Warner; Loren Wicker                                        .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

4