UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                                        Plaintiffs,

                                                        CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, et al.,                                HONORABLE PAUL V. GADOLA

                                        Defendants.     U.S. DISTRICT COURT
_____/

## ORDER

This is a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs have named numerous prison officials as Defendants.  Before the Court are: (1) the order of Magistrate Judge Paul Komives [docket entry #50] regarding Plaintiff Rouse and Hoffman's motion to disqualify the Michigan Attorney General's office [docket entry #24]; and (2) the order of Magistrate Judge Komives [docket entry #54] regarding Plaintiff Rouse and Hoffman's motions to strike Defendants non-conforming pleadings [docket entry #25 and #36].  Magistrate Judge Komives denied each of Plaintiffs' aforementioned non-dispositive motions on January 24, 2007.  Also before the Court are Plaintiff Rouse and Hoffman's objections  [docket entries #62 and #76] to the magistrate judge's orders.

Orders issued by a magistrate judge on non-dispositive motions are governed by the terms of 28 U.S.C. § 636(b)(1)(A).  This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992)).

In the instant matter, Plaintiff Rouse and Plaintiff Hoffman each filed one document that incorporated objections to several of Magistrate Judge Komives' January 24, 2007 filings. Plaintiff Rouse's objections, with respect to the magistrate's aforementioned orders, consist of nothing more than stating that he reaffirms and incorporates the arguments raised in the motions. *See* Pl. Rouse's Objs., pp. 3-4, ¶¶ 23, 27-28 [docket entry #62]. Similarly, Plaintiff Hoffman's objections merely restate, in summary form, the arguments presented in the motions. *See* Pl. Hoffman's Objs., pp. 2, ¶ 7 [docket entry #76]. General objections, such as those made by Plaintiffs Rouse and Hoffman, fail to demonstrate any defect in the magistrate judge's orders. Instead, the objections raised by Plaintiffs merely ask this Court to reconsider the entirety of the matter that was properly submitted

2

to the magistrate judge.  Such an unfocused and unsupported reconsideration of matters placed

properly within the authority of a magistrate judge is unwarranted and judicially inefficient:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir.1991).

Plaintiffs' general objections fail to demonstrate to this Court that Magistrate Judge

Komives' orders were clearly erroneous or contrary to law.  Therefore, Plaintiffs' objections will

be overruled and the magistrate judge's orders will be affirmed.

**IT IS HEREBY ORDERED** that Plaintiffs' objections [docket entries  #62 and #76], as

they relate to Magistrate Judge Komives' orders on non-dispositive matters [docket entries #50 and

#54], are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Komives' orders on non-dispositive

matters [docket entries #50 and #54] are **AFFIRMED**.

**SO ORDERED.**

Dated:   March 23, 2007                                 s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

3

Certificate of Service

I hereby certify that on   March 23, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     Cori E. Barkman; A. Peter Govorchin                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Mark Ashley; Richard Boone, II; Guy Curtis; Erick DeForest; Hilton Evans; Danny Fritts; Stewart Gates; Terry George; Claude Hoffman; Michael Kanipe; Michael Lake; Antonio Manning; Robert McMurray; Tony Pellin; Carlton Rider; Arthur Rouse; William Taylor; Douglas Warner; Loren Wicker                                              .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845