UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, *et al.*,

        Plaintiffs,

            CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, *et al.*,        HONORABLE PAUL V. GADOLA
        Defendants.  U.S. DISTRICT COURT
_____/

## ORDER

  This is a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs have named numerous prison officials as Defendants. Before the Court is Defendants' appeal of Magistrate Judge Paul Komives' opinion and order [docket entry #55] granting in part, Plaintiff Rouse's motion to amend the complaint [docket entry #39]. In particular, Defendants appeal Magistrate Komives' grant to allow Plaintiff Rouse to add a RLUIPA claim against Defendant Jack Hawkins. For the reasons stated below, the Court finds that Plaintiff's RLUIPA claim must be brought in a separate action.

  Plaintiffs' March 3, 2006 complaint alleges several claims. First, Plaintiffs allege that contaminated city drinking water, used at both the Mid-Michigan and St. Louis (Michigan) Correctional Facilities where Defendants are housed, has caused numerous medical issues to befall Plaintiffs. Plaintiffs allege that Defendants have been aware of the toxic nature of the water but have failed to take corrective action. Next, Plaintiffs' complaint alleges issues related to overcrowding of the facilities, dangerous noise levels produced by emergency sirens, and unsafe prison temperatures. In short, the putative class of prisoners seek to remedy various physical conditions

related to their confinement.

On November 7, 2006, Plaintiff Rouse, acting in his individual capacity, sought to add a "Secondary Issue" against Michigan Department of Corrections ("MDOC") employee Jack Hawkins. *See* Docket Entry #39, ¶¶ 20-22. In particular, Rouse claims that Hawkins, an MDOC maintenance supervisor, wrote false work reports and terminated Plaintiff Rouse's employment because of Rouse's religious beliefs. *See id.* Plaintiff Rouse maintains that Hawkins' actions are in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

On January 24, 2007, Magistrate Judge Komives granted Plaintiff Rouse's motion to amend the complaint to the extent that Plaintiff Rouse be allowed to amend the complaint to add the RLUIPA claim against Hawkins. Defendants filed an appeal of the magistrate's order, arguing that Plaintiff Rouse's additional claim was not appropriate in the instant action because it is entirely unrelated to the remainder of the claims. This Court agrees.

Plaintiffs' original putative class action complaint seeks relief on behalf of at least nineteen named individuals and, in essence, alleges claims on behalf of all individuals incarcerated at the two correctional facilities. The claims are all related to issues surrounding the physical conditions of confinement that Plaintiffs, all prisoners, face. In particular, the complaint seeks relief as to issues related to overcrowding of the facilities, dangerous noise levels produced by emergency sirens, and unsafe prison temperatures, and the safety of the available water. Again, these claims are made on a class-wide basis.

In contrast, Plaintiff Rouse's new allegation is asserted on behalf of Rouse only, and against

only one defendant, MDOC employee Jack Hawkins. The claim is not sought on behalf of any other class members, or against any other Defendants. Additionally, the events surrounding the alleged RLUIPA violation by Hawkins do not relate in any way to the other allegations described by the remaining class members; the class and individual allegations share no questions of fact or law that logically relate them in any way. *See* Fed. R. Civ. P. 23(a). Consequently, the contemporaneous litigation of Plaintiff Rouse's individual complaint with the claims of the class action– an action already marked by numerous and confusing filings by the *pro se* Plaintiffs– would only delay, confuse, and needlessly expand the class action claims raised in this case. Furthermore, the Court is unconvinced that Plaintiff Rouse, acting individually, should be allowed to amend the complaint that seeks relief on behalf of the entire class. Were the Court to allow such an amendment by individual Plaintiff Rouse, the Court can see no logical stopping point should any other class member desire to bring an individual claim against any other MDOC employee.

Finally, the Court notes that Plaintiff Rouse has requested to have his RLUIPA claim litigated as a "secondary issue." Pl. Rouse's Resp. to Def.'s Appeal of Mag.'s Order, ¶ 9 (Feb. 12, 2007) [docket entry #68]. He asks that the Court grant his claim this subordinate position "so that this Court can address and tackle the more serious claims." *Id.* Although Plaintiff Rouse's concern for the claims of his fellow inmates involved in the class action is ostensibly noble, the Court grants no such secondary priority to claims within such an action.

Therefore, after a full review of the record, the Court finds that the addition of Plaintiff Rouse's individual RLUIPA claim against MDOC employee Hawkins is a claim that would, if allowed to be added to the putative class action, only further complicate this already complex matter.

3

Rouse's claim does not relate in law or fact to any other claim asserted by the alleged class members. Such an addition would not serve the ends of justice nor would it further the efficient, speedy, and inexpensive determination of the cause of action. *See* Fed. R. Civ. P. 1. Notwithstanding this order or any other applicable law barring the filing of the claim, Plaintiff Rouse's claim must be brought in a separate cause of action, unrelated to this putative class action.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff Arthur Rouse's motion to amend the putative class action complaint to add an individual claim by Rouse against MDOC employee Jack Hawkins [docket entry #39] is **DENIED.**

**SO ORDERED.**

Dated:   May 16, 2007                           s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 16, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                         Cori E. Barkman; A. Peter Govorchin             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Arthur Rouse                             .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845