UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                                    CASE NO. 06-CV-10961-DT
            Plaintiffs,      JUDGE PAUL V. GADOLA
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PATRICIA CARUSO, et al.,

           Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO ENFORCE NATIONAL DRINKING WATER REGULATIONS, FOR A PRELIMINARY INJUNCTION, AND/OR DECLARATORY JUDGMENT (Doc. Ent. 79)**

**I.**     **RECOMMENDATION:** The Court should deny without prejudice plaintiff Rouse's March 5, 2007 motion to enforce national drinking water regulations, for a preliminary injunction, and/or declaratory judgment. Doc. Ent. 79. Such denial should be without prejudice to the filing of a new motion for preliminary injunction in which each of the plaintiffs concurs.

**II.**     **REPORT:**

**A.**     **Background**

**1.**     The complaint in this case was filed on March 3, 2006 on behalf of nineteen (19) named plaintiffs. Two (2) plaintiffs, Douglas Warner and Carlton Rider, have since been terminated as a result of Judge Gadola's March 23, 2007, order granting their motions for voluntary dismissal.

On January 2, 2008, I entered an order appointing counsel for the seventeen (17) remaining named plaintiffs and requiring counsel to arrange for a status conference with the Court. On April 1, 2008, I conducted a status conference with Assistant Attorney General Cori

E. Barkman and attorney Heather R. Bozimowski. During the conference, Ms. Bozimowski informed the Court that she did not represent all of the (17) named plaintiffs.

On the same day, Ms. Bozimowski filed an appearance on behalf of the following thirteen (13) plaintiffs: Claude T. Hoffman, Danny Fritts, Loren Wicker, Antonio Manning, Tony Pellin, William Taylor, Eric DeForest, Richard Boone, Michael Kanipe, Terry George, Hilton Evans, Michael Lake and Robert McMurray. Doc. Ent. 157. At that time, the four unrepresented plaintiffs were Arthur Rouse; Guy Curtis; Mark Ashley and Stewart Gates.

On April 29, 2008, Judge Gadola entered an order lifting stay; requiring certain plaintiffs to show cause; and dismissing Ashley, Curtis and Gates without prejudice. Doc. Ent. 162. However, on June 13, 2008, Ashley and Gates, through counsel, filed a motion for relief from order in which they request that the Court's April 29, 2008 order "be modified and that Stewart Gates and Mark Ashley be reinstated as Plaintiffs to this action." Doc. Ent. 175. By an order entered August 21, 2008, Ashley and Gates have been reinstated as plaintiffs in this matter. Doc. Ent. 179.

As a result of the foregoing, sixteen (16) plaintiffs remain in this case - fifteen (15) of whom are represented by counsel.

**2.** Along with the filing of the instant case, plaintiffs filed an ex parte motion for preliminary injunction under Rule 65(a)(1) to stop transfers and various forms of retaliation. Doc. Ent. 3. Plaintiffs also filed a motion and memorandum of law for a temporary restraining order and/or request for a show cause hearing why a preliminary injunction/declaratory judgment should not be issued. Doc. Ent. 4.

On January 24, 2007, I entered a report and recommendation regarding these motions. Specifically, I recommended that the Court deny plaintiffs' ex parte motion for preliminary injunction and plaintiffs' motion for temporary restraining order. I also recommended that the denials should be without prejudice to plaintiffs renewing their request for injunctive relief when they are able to adduce evidence demonstrating their entitlement to such relief. Doc. Ent. 52.

On March 23, 2007, Judge Gadola entered an order overruling plaintiff Rouse's objections; accepting and adopting my report and recommendation; and denying without prejudice plaintiffs' motions. Doc. Ent. 87. On April 6, 2007, plaintiff filed a motion and memorandum of law for reconsideration of the Court's March 23, 2007 order. Doc. Ent. 97. On April 17, 2007, Judge Gadola denied plaintiff Rouse's motion for reconsideration. Doc. Ent. 101.

**3.** On April 24, 2006, Rouse and Hoffman filed a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2). Doc. Ent. 14. On January 24, 2007, I entered a report recommending that the Court deny this motion without prejudice to renewal if adequate counsel was obtained. Doc. Ent. 49. On March 23, 2007, Judge Gadola entered an order which, among other things, denied without prejudice the motion for class certification. Doc. Ent. 86.

**4.** On May 2, 2007, a notice of appeal from the March 23, 2007 and April 17, 2007 orders was filed. Doc. Ent. 112. On May 22, 2007, Judge Gadola entered an order staying the case without prejudice to any party, until such time as pro bono counsel was secured or until the Court determines that pro bono counsel cannot be secured by the Court. The order also enjoined the parties from filing further motions until the stay was lifted.

Thereafter, the Sixth Circuit entered several orders. On September 24, 2007, the Sixth Circuit entered an order denying the application for leave to appeal the May 22, 2007 order. Doc. Ent. 135. On November 14, 2007, the Sixth Circuit entered an order regarding the May 2, 2007 notice of appeal. It treated plaintiff's May 2, 2007 filing as (1) a notice of appeal from the Court's March 23, 2007 order denying without prejudice the motion for a preliminary injunction (Doc. Ent. 87); (2) a Rule 23(f) application to appeal this Court's March 23, 2007 order denying without prejudice the motion for class certification (Doc. Ent. 86) and (3) a document seeking mandamus relief.[1] *Rouse v. Caruso*, No. 07-1829 (6th Cir. Nov. 14, 2007). Ultimately, the Sixth Circuit stated that the appeal would proceed as to the order denying a preliminary injunction (Doc. Ent. 87) and the April 17, 2007 order denying reconsideration of that order (Doc. Ent. 101). However, the Sixth Circuit denied the application to appeal this Court's March 23, 2007 denial of class certification (Doc. Ent. 86) and denied the request for mandamus relief. Doc. Ent. 137.

On February 7, 2008, the Sixth Circuit entered an order denying the petition for a writ of mandamus with respect to the May 22, 2007 order. Doc. Ent. 153. On August 12, 2008, the Sixth Circuit entered an order dismissing the appeal for want of prosecution. Doc. Ent. 178.

**B.  Plaintiff Rouse's March 5, 2007 Motion to Enforce National Drinking Water Regulations, for a Preliminary Injunction, and/or Declaratory Judgment**

On March 5, 2007, before counsel for several plaintiffs filed a notice of appearance, plaintiff Rouse filed a motion to enforce national drinking water regulations, for a preliminary injunction, and/or declaratory judgment. Doc. Ent. 79. Plaintiff Rouse "renews his request for a

---

[1]The request for mandamus relief was contained in Rouse's brief in support of his application for leave to appeal. *Rouse v. Caruso*, No. 07-1829 (6th Cir. Nov. 14, 2007).

Preliminary Injunction to rectify the constitutional and statutory violations." Doc. Ent. 79 at 1 ¶ 3. The motion discusses contaminated water (¶¶ 5-21); unconstitutional MDOC policies (¶¶ 22-32); denial of bathroom use (¶¶ 33-38); no automatic fire suppression equipment (¶¶ 39-43); unsecured prisoner files (¶¶ 44-53); methicillin-resistant staphylococcus aureus (MRSA) disease outbreaks (¶¶ 54-61); inadequate medical (¶¶ 62-65); overcrowded prison (¶¶ 66-74); and banned legal agreements (¶¶ 75-77). Doc. Ent. 79 at 2-12. In conclusion, plaintiff states:

> Federal courts prefer to let states operate their own prisons. Nevertheless, Michgian has disbanned their "Correction Commissioners" and Ombudsmen's Office and this has removed their oversight and it is running [wild]. Therefore, because of all the factors cited above this Court should grant Oral Arguments, appoint counsel and/or a Preliminary Injunction - if it does not transfer the case to the Hadix Court.

Doc. Ent. 79 at 12. Attached to plaintiff Rouse's motion are five (5) items: (1) MI-Cure News, February, 2007; (2) Pine River Correctional Facility (SPR) Warden's Forum Meeting Minutes, October 23, 2006; (3) Michigan Department of Corrections (MDOC) Director's Office Memorandum 2006-14, December 14, 2006; (4) internet searches for MRSA and ventilation, dated March 27, 2006; and (5) a list of plaintiffs' pleadings dated March 3, 2007, a list of plaintiffs' exhibits, dated February 28, 2007, and a list of the Court's and defendants' documents, dated February 28, 2007. Doc. Ent. 79 at 13-22.

**C.      Analysis**

As an initial matter, this March 5, 2007 motion was filed after my January 24, 2007 report and recommendation but before Judge Gadola's March 23, 2007 order regarding the initially filed motions for preliminary injunction and temporary restraining order. Therefore, plaintiff's March 5, 2007 motion (Doc. Ent. 79) cannot be considered as an objection to my

January 24, 2007 report and recommendation, because it is outside of the ten (10) day time period described in 28 U.S.C. § 636(b)(1)(C).

To the extent plaintiff Rouse's March 5, 2007 motion is a renewed motion, the Court notes that the attachments to plaintiff Rouse's instant motion are dated after plaintiff's March 3, 2006 motions for preliminary injunction and temporary restraining order. Still, as the foregoing background suggests, this case involves a unique set of procedural circumstances which make undesirable a ruling on the instant motion at this time.

To begin, this case has yet to be certified as a class action. Rouse, the former "lead" plaintiff, is now one of sixteen (16) plaintiffs. He is proceeding pro se, apparently because of a conflict of interest. As noted in my May 19, 2008, order denying plaintiff Rouse's March 3, 2006 motion to appoint counsel, Rouse is apparently unwilling to accept the appointment of attorney Bozimowski as his counsel, and it is his right to make such a decision. Doc. Ent. 171.[2]

Nonetheless, the remaining plaintiffs are represented by counsel. Furthermore, several plaintiffs filed a motion for leave to file an amended complaint on April. 15, 2008, which I will address in a separate report and recommendation. Doc. Ent. 161.[3] As a result, there is the potential that this case will be going forward with two complaints.

---

[2]In addition to the instant motion, plaintiff's pending motions include Doc. Ent. 40 (an 11/07/2006 motion for an expedited court hearing with a phone conference); Doc. Ent. 66 (a February 12, 2007 motion to commence discovery); Doc. Ent. 78 (a March 5, 2007 motion to transfer the medical claim to the pending *Hadix* case); Doc. Ent. 96 (an April 6, 2007 motion to strike); Doc. Ent. 98 (an April 6, 2007 motion to docket all the plaintiff's exhibits and pleadings); Doc. Ent. 99 (an April 6, 2007 motion for partial summary judgment); Doc. Ent. 109 (a May 2, 2007 motion to extend time to file amendment); Doc. Ent. 110 (a May 2, 2007 motion to certify appeal questions to the Court of Appeals); Doc. Ent. 120 (a May 17, 2007 motion to represent other MDOC prisoners); and Doc. Ent. 155 (a February 28, 2008 motion to stay).

[3]On May 16, 2008, an assistant attorney general filed a response. Doc. Ent. 169.

In addition to these unique procedural circumstances, at least some of the issues raised by plaintiff in the instant motion (i.e., enforcement of the Safe Drinking Water Act of 1974, 42 U.S.C. §§ 300f-300j-25 (¶ 5); adjustment of MDOC PD 04.02.120 ("Indigent Prisoners") and MDOC PD 03.04.100 ("Health Services") (¶¶ 22, 28); compliance with Mich. Comp. Laws § 29.1 of the Fire Prevention Code (¶ 39); compliance with MDOC PD 01.04.130 ("Prisoner Commitment Files") and Mich. Comp. Laws §§ 445.81/445.82 (¶ 45); and the ban of prisoner legal assistance agreements by MDOC DOM 2006-14, dated December 14, 2006 (¶ 75)) will effect plaintiff, as well as others.

For these reasons, the Court should deny plaintiff Rouse's March 5, 2007 motion to enforce national drinking water regulations, for a preliminary injunction, and/or declaratory judgment. Doc. Ent. 79. Such denial should be without prejudice to the filing of a new motion for preliminary injunction in which each of the plaintiffs concurs. If the Court agrees with this recommendation, then it may wish to deny plaintiff Rouse's request for oral argument. To the extent the instant motion requests appointment of counsel, it has been addressed by my May 19, 2008 order.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 8/21/08

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 21 2008.

s/Eddrey Butts
Case Manager