UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, *et al.*,

                          Plaintiffs,

                                              CIVIL CASE NO. 06-10961

v.

PATRICIA CARUSO, *et al.*,                   HON. STEPHEN J. MURPHY, III

                          Defendants.      U.S. DISTRICT COURT JUDGE
_____/

**ORDER DENYING PLAINTIFF ROUSE'S MOTION
FOR CERTIFICATION OF ISSUES ON APPEAL**

This cause of action was originally filed as a *pro se*, putative class action under 42 U.S.C. §1983 in which Plaintiffs named numerous prison officials as Defendants. Although counsel was appointed for a number of the plaintiffs, at the present time Plaintiff Rouse is proceeding *pro se*. Rouse's motion to certify certain issues for appeal [docket entry #110] is now before the Court. Plaintiff Rouse asks this Court to certify three questions for appeal: (1) Were Plaintiffs incorrectly denied class certification? (2) Were Plaintiffs incorrectly denied a preliminary injunction? (3) Are the administrative remedies of the Prison Litigation Reform Act unconstitutional? *See* docket entry #110, p. 2. In addition to the motion for certification of issues on appeal, Plaintiff Rouse also filed a notice of appeal [docket entry #112] on May 2, 2007, appealing this Court's March 23, 2007 orders denying Plaintiff's motion for class certification and for a preliminary injunction, and appealing the Court's April 17, 2007 order denying Plaintiff's motion for reconsideration of these issues [docket entries #86, 87, and 101].

On November 14, 2007, the Court of Appeals for the Sixth Circuit considered Plaintiff Rouse's May 2, 2007 filing as both a notice of appeal of this Court's denial of a preliminary

injunction and as a Federal Rule of Civil Procedure 23(f) application for permission to appeal this Court's order denying class certification. *See* Order*, Rouse v. Caruso*, No. 07-1829 (6th Cir. Nov. 21, 2007). The Court of Appeals denied Rouse permission to appeal the denial of class certification and denied his request for mandamus relief. *Id*. The Court of Appeals allowed Rouse's appeal to proceed as it applied to the order denying the preliminary injunction and the order denying the motion for reconsideration of the order, recognizing that the denial of a preliminary injunction is an appealable order. *Id.* (citing 28 U.S.C. § 1292(a)). Plaintiff Rouse, however, failed to comply with this Court's May 19, 2008 order regarding his application to proceed in forma pauperis on appeal and failed to pay the filing fee. Therefore, the Court of Appeals dismissed his appeal for want of prosecution. *See* Order*, Rouse v. Caruso*, No. 07-1829 (6th Cir. Aug. 11, 2008). With that background in mind, the Court now considers Plaintiff Rouse's motion for certification of issues on appeal.

A district court's decision to certify issues for interlocutory appeal is governed by 28 U.S.C. § 1292. Title 28, Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

28 U.S.C. § 1292(b).

Considering the three issues Plaintiff seeks certification to appeal, the Court finds that none of them are appropriate for appeal at this time. Plaintiff's first issue, the denial of class certification,

2

has already been considered, and denied, by the Court of Appeals. *See* Order, *Hoffman, et al. v. Caruso*, Docket No. 07-1829 (6th Cir. Nov. 21, 2007). Plaintiff pursued his second issue, regarding the denial of the motion for a preliminary injunction, and his appeal was allowed to proceed by the Court of Appeals. *See id.* However, Plaintiff failed to comply with the Court's requirements and the appeal was dismissed. *See* Order, *Rouse v. Caruso*, Docket No. 07-1829 (6th Cir. Aug. 11, 2008). The Court can find no reason why certification of this issue is warranted. Finally, Plaintiff raises a third issue for certification, alleging that the PLRA is unconstitutional. Plaintiff argues that in enacting the PLRA, the legislative branch "has violated the Separation of Powers Clause by encroaching into the Juridicial [sic] Branch by removing [the Legislative Branch's] power for immediate action in emergency situations for prisoners." Pl's Mot., ¶ 44. The Court, however, is unable to certify this issue because Plaintiff has failed to identify any order in which the Court explicitly ruled upon this question. *See* 28 U.S.C. § 1292(b) (allowing appeals of certain otherwise non-appealable *orders*). Furthermore, even were this Court to conclude that the present issue was raised in his motion for reconsideration [see docket entry #97], and that the Court implicitly ruled on the merits of the issue by denying the motion for reconsideration, that argument fails as well. In the motion for reconsideration, Plaintiff perfunctorily stated that the PLRA "violates the Separation of Powers clause and fuels long unordinary delays for judicial assistance," because it contains no "safety valve" to permit immediate judicial intervention. Pl's Mot. for Reconsideration, ¶¶ 39, 40 [docket entry #97]. However, Plaintiff failed to indicate which provision of the PLRA he believes is unconstitutional, failed to cite any case law in support of his position, and failed to elucidate the claim in any way. The Court need not develop arguments on behalf of the litigants. *See, e.g.*

*McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(" It is not sufficient for a party to *996 mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." (internal citations and quotations omitted)). Moreover, to the extent that the Court can liberally construe the statement as an argument that Plaintiff should be allowed to circumvent the exhaustion requirement of the PLRA before seeking judicial intervention, that argument is not "a controlling question of law as to which there is substantial ground for difference of opinion" under 28 U.S.C. § 1292(b). *See e.g., Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516 (2002)(each upholding the exhaustion requirement of the PLRA).

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Rouse's motion for certification of certain issues on appeal [docket entry #110] is **DENIED**.

**SO ORDERED.**

Dated:   September 11, 2008                              s/Stephen J. Murphy, III
                                                         HONORABLE STEPHEN J. MURPHY, III
                                                         UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on   September 11, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
      Cori E. Barkman; Heather R. Boximowski; A. Peter Govorchin; Dawn C.M. Jack; Marcy L. Rosen                                                                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:      Arthur Rouse                                                                             .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845