UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

                                  CASE NO. 2:06-CV-10961
          Plaintiffs,       JUDGE STEPHEN J. MURPHY, III
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PATRICIA CARUSO,
BLAINE LAFLER,
BARBARA MEAGHER, et al.,

          Defendants,
_____/

**<u>OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(Doc. Ent. 161)</u>**

**I.    OPINION**

**A.    Background**

The complaint in this case was filed on March 3, 2006 on behalf of nineteen (19) named plaintiffs. Doc. Ent. 1 at 4 ¶¶ 10-28. The named defendants are Patricia Caruso, Blaine Lafler and Barbara Meagher. Doc. Ent. 1 at 5 ¶¶ 34-36. Plaintiffs' complaint sets forth five (5) claims for relief:

    I.    **Eighth Amendment Cruel and Unusual Punishment** based upon medical denial, dangerous noise levels, denial of bathroom, disease outbreak, and forced in the cold. Doc. Ent. 1 at ¶¶ 87-146.
    II.    **Eighth Amendment Inhumane Treatment** based upon cold cubicles, poor ventilation, cramped living space, denied hygiene, and contaminated water. Doc. Ent. 1 at ¶¶ 147-166.
    III.    **Eighth Amendment Unsafe Living Conditions** based upon no fire suppression system, overcrowding, and unrestricted access to prisoner's file/internet. Doc. Ent. 1 at ¶¶ 167-173.
    IV.    **First and Fourteenth Amendment Denial of Access to Courts** based upon inadequate law library time, limited law materials, and seizure

>     (without due process and/or equal protection) of personal property.  Doc.
>     Ent. 1 at ¶¶ 174-181.
> V.   **Fourteenth Amendment Unlawful Removing of Funds** based upon no
>     hearing and removing unauthorized money.  Doc. Ent. 1 at ¶¶ 182-189.

Doc. Ent. 1 at 2-3, 13-26.  Plaintiffs seek declaratory relief, injunctive relief, class action status, and monetary damages.  Doc. Ent. 1 at 27-28 ¶¶ A-D.  *See also* Doc. Ent. 1 at 35 (Prisoner Civil Rights Form Complaint, "Relief").  The complaint is signed under penalty of perjury.  Doc. Ent. 1 at 28-30.  Along with this complaint, plaintiffs filed exhibits A-G.  Doc. Ent. 2.

On March 14, 2007, defendants Caruso, Lafler and Meagher filed an answer to the complaint.  Doc. Ent. 81.  Defendants also filed a demand for trial by jury and affirmative defenses.  Doc. Entries 82 and 83.

Shortly thereafter, plaintiffs Warner and Rider were dismissed without prejudice on March 23, 2007.  Doc. Ent. 84.  Gates, Ashley and Curtis were terminated as plaintiffs on April 29, 2008.  Doc. Ent. 162.  However, on August 21, 2008, I entered an order reinstating Ashley and Gates as plaintiffs.  Doc. Ent. 179.  Therefore, there are now sixteen (16) active plaintiffs in this case.  Rouse is proceeding pro se,[1] and the remaining plaintiffs are represented by counsel.[2]

**B.     Plaintiffs' Motion for Leave to File Amended Complaint**

---

[1]Rouse has been discharged from the Michigan Department of Corrections.  See www.michigan.gov/corrections, "Offender Search."  On February 28, 2008, he filed a "motion to change address stay Rouse's pending motions".  Doc. Ent. 155.  It is dated February 24, 2008 and states that he will be released on parole on or about February 27, 2008.  Doc. Ent. 155 at 1 ¶ 1.  He requests that his address be changed to P.O. Box 553, Hamburg, Michigan 48139.  Doc. Ent. 155 at 2.  Rouse's last filing, his May 29, 2008 motion for time enlargement, bears the Hamburg address.  Doc. Ent. 172 at 3.

[2]On September 4, 2008, this case was reassigned from Judge Gadola to Judge Murphy.  Doc. Ent. 185.

On April 15, 2008, plaintiffs Hoffman, Kanipe, Fritts, Boone, Pellin, George, Taylor, Wicker, Lake, Gates, McMurray, DeForest, Manning and Evans (and presumably Ashley too)[3] filed a motion for leave to file an amended complaint. Doc. Ent. 161. Among the attachments to this motion is a fifteen-page, proposed amended complaint. Doc. Ent. 161-3.

On May 16, 2008, defendants filed a brief in opposition to plaintiffs' motion to amend the complaint. Doc. Ent. 169. Defendants contend that plaintiffs "have not demonstrated that justice requires the amendment of the Complaint." Further, they contend, "[p]laintiffs['] amending of the Complaint is both futile in surviving a motion to dismiss and unduly prejudicial to the defendants." Doc. Ent. 169 at 12.

**C.    Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings")**

Federal Rule of Civil Procedure 15 sets forth rules regarding amended and supplemental pleadings. In pertinent part, the rule states:

> **(a) Amendments Before Trial.**
>
> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course:
>
>> (A) before being served with a responsive pleading; or
>>
>> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3) Time to Respond.** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the

---

[3] *See* Doc. Ent. 184 (08/27/2008 Appearance).

> original pleading or within 10 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

While "...the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[leave to amend] is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993), quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Foman*, 371 U.S. at 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), citing *Foman*, 371 U.S. 178 (1962) (dictum). However, the trial court must take into consideration any prejudice to the opposing party. *Zenith Radio Corp.*, 401 U.S. at 330-331; 3 *Moore's Federal Practice*, § 15.14[1] at n.4 (Matthew Bender 3d ed.).

Aside from the factors elicited in the *Foman* and *Zenith* decisions, courts may evaluate the legal sufficiency of the proposed amended claim in deciding whether to grant leave to amend. 3 Moore's Federal Practice, § 15.15[1]-[3] (Matthew Bender 3d ed.). "It is the usual

practice upon granting a motion to dismiss to allow leave to replead." *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). "Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Id*.

**D.     Plaintiffs' Motion for Leave to File an Amended Complaint is Granted.**

**1.**     In support of their motion, plaintiffs assert that "[d]efendant[s] will not be unduly prejudiced by allowance of the amendment as no scheduling order has been issued and [d]efendants will have sufficient time to investigate and respond to the amended complaint." Doc. Ent. 161 at 6.

A review of the 73 numbered paragraphs of the proposed first amended complaint reveals that it is organized into "Parties and Jurisdiction" (Doc. Ent. 161-3 ¶¶ 1-11); "Facts Common to All Claims" (Doc. Ent. 161-3 ¶¶ 12-26); and three counts (Doc. Ent. 161-3 ¶¶ 27-73). Within the first part of the complaint, there are class allegations (Doc. Ent. 161-3 ¶¶ 2-3). Also, plaintiffs specifically identify Patricia Caruso (MDOC Director), Blaine Laffler (Warden of STF and SLF)[4] and Barbara Meager (Deputy Warden of STF)[5] as defendants, while at the same time they generally identify "unknown, undefined parties". Doc. Ent. 161-3 ¶¶ 4-7. Plaintiffs further asserts that "[a]ll the Defendant Parties, who are herein, are named in their personal/individual capacities and their official capacities." Doc. Ent. 161-3 ¶ 8.

---

[4]Based upon the answer to the original complaint, it appears that the correct spelling of this defendant's last name is Lafler. Doc. Ent. 81 at 2. Nick J. Ludwick is the current warden of STF and SLF. *See* www.michigan.gov/corrections, "Prisons and Camps".

[5]Based upon the answer to the original complaint, it appears that the correct spelling of this defendant's last name is Meagher. Doc. Ent. 81 at 2.

5

Next, the factual history discusses denial of medical care and medication (¶¶ 12-16), overcrowding (¶¶ 17-21), cruel and unusual punishment (¶¶ 22-23), and contaminated drinking water (¶¶ 24-26). Finally, Count I describes Eighth Amendment violations based upon denial of medical care and medication, dangerous noise levels, denial of bathroom use, serious disease outbreaks, medline prisoners are forced into the cold, cold cubicles and poor ventilation, crammed living space, denial of hygiene, contaminated drinking water, no fire suppression system, overcrowded prison, and prisoner's personal files. Doc. Ent. 161-3 ¶¶ 27-58. Count II describes First, Fifth and Fourteenth Amendment violations of access to courts based upon inadequate law library time, limited law books, and seizure of property and of legal materials. Doc. Ent. 161-3 ¶¶ 59-66. Count III describes Fourteenth Amendment violations of unlawful removal of funds based upon property/money removal without a hearing. Doc. Ent. 161-3 ¶¶ 67-73.

The plaintiffs and putative class members request declaratory relief, injunctive relief and monetary damages. They also request that the Court "[g]rant class action status[.]" Doc. Ent. 161-3 at 14-15.

**2.** In response, defendants delineate two arguments. **First, defendants argue that "[s]ince plaintiffs' proposed amended complaint suffers from the same inadequacies as plaintiffs' original complaint, granting plaintiffs' motion to amend would be futile and should be denied." Doc. Ent. 169 at 5-10.** Generally, defendants contend that "the Proposed Amended Complaint does not materially clarify, or alter any of the claims asserted in the Original Complaint. Therefore amending the pleading does not serve any purpose." Doc. Ent. 169 at 5.

6

Specifically, defendants contend that plaintiffs "lack standing to pursue claims on behalf of unnamed parties[.]" Doc. Ent. 169 at 5-6. Defendants point out that the proposed amended complaint is brought on behalf of plaintiffs "and all others similarly situated." Doc. Ent. 161-3 ¶ 1. Within this argument, defendants contend that plaintiffs "have not demonstrated that they have third party standing to bring this lawsuit on behalf of other individuals." In support of this statement, defendants reply upon *Powers v. Ohio*, 499 U.S. 400 (1991), wherein the United State Supreme Court stated that "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers*, 499 U.S. at 410 (citations omitted). The Supreme Court also stated, "[w]e have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an 'injury in fact,' . . . the litigant must have a close relation to the third party . . . and there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers*, 499 U.S. at 410-411 (internal citations omitted). Defendants contend that plaintiffs have not established any of the third party standing criteria. In defendants' opinion, the proposed amended complaint's deletion of "specific references of instances involving individual named plaintiffs," supports the conclusion that the claims "are not common to all Plaintiffs named; . . . there is no[] injury in fact to all Plaintiffs, named or unnamed, and . . . class certification is not proper[.]" Defendants contend that "the represented Plaintiffs' amendment of the Complaint is an attempt to conceal the truly individual nature of this action[.]"

Defendants also contend that "[t]his Court lacks jurisdiction over defendants in their official capacities." Doc. Ent. 169 at 7. They further contend that "[s]ome or all of plaintiffs'

claims may be barred by the statute of limitations[,]" noting that the original and amended complaints fail "to establish a timeframe for any of the alleged constitutional violations, thus calling into question[] whether any of the alleged violations initially accrued within the three years preceding the filing of their Complaint[,]" and asserting that "claims that accrued prior to March 3, 2003, are barred by the statute of limitations." Doc. Ent. 169 at 7-8.

Finally, defendants contend that "[s]ome or all of plaintiffs' claims fail to state a claim upon which relief may be granted and such claims are subject to dismissal." Doc. Ent. 169 at 9-10. Defendants claim that the original and proposed amended complaints fail "to allege specific acts by Defendants which violated Plaintiffs' constitutional rights." Defendants also claim that plaintiffs have not alleged or shown that "[d]efendants participated in, authorized, acquiesced in any constitutional violation alleged." In other words, defendants argue, plaintiffs have not alleged or shown the requisite personal involvement.[6]

**Second, defendants argue that "[t]he Court's grant of plaintiffs' motion to amend will prejudice defendants[.]" Doc. Ent. 169 at 10-11.**

3.   Upon consideration, plaintiffs' motion to amend the complaint is granted. I conclude that entry of the proposed amended complaint has satisfied the deferential standard set forth in Fed. R. Civ. P. 15(a)(2). I also conclude that the futility arguments made by defendants in their response (Doc. Ent. 169 at 5-10) are better addressed in the form of a dispositive motion filed after entry of the first amended complaint. This conclusion is supported by the fact that no reply to the response was filed. Furthermore, as defendants state in their response, "[w]hile condensed

---

[6]An earlier part of defendants' brief suggests that they assert lack of exhaustion as a part of their futility argument. Doc. Ent. 169 at 4.

into fewer paragraphs, Plaintiffs' new Proposed Amended Complaint re-states the exact same claims which are the subject of Plaintiff's Original Complaint, and involve the same defendants[.]" Doc. Ent. 169 at 3. Relatedly, defendants state:

> The only substantive distinctions between Plaintiffs' Original Complaint and the Proposed Amended Complaint by these 13 represented Plaintiffs is that the Proposed Amended Complaint deletes specific references to individual named plaintiffs and exhibits previously attached to the Original Complaint. In addition, the Proposed Amended Complaint specifically requests monetary relief in the amount of ten million dollars ($10,000,000).

Doc. Ent. 169 at 4. Additionally, the proposed first amended complaint has been presented to the Court after the appointment of pro bono counsel.

As for defendants' prejudice argument (Doc. Ent. 169 at 10-11), defendants recognize the possibility that the proposed amended complaint would supercede the original complaint and that "the claims of . . . unrepresented plaintiffs would be nonexistent." Doc. Ent. 169 at 10-11. Defendants also recognize the possibility that there would be two complaints within the same lawsuit and contend that "[t]he potential of two sets of plaintiffs with varying factual averments and claims for relief within the same lawsuit would unduly prejudice the Defendants by forcing them to fight on two distinctly different fronts including potentially two different defensive strategies." This avenue, defendants note, would result in increased expenses, increased court time, delay, and undue personnel and resource consumption. Doc. Ent. 169 at 11. The foregoing procedural possibilities in this case which result from this ruling may be discussed at the forthcoming status conference with Judge Murphy.

Finally, I recognize defendants' prejudice argument that "the breadth of the claims raised by Plaintiffs' Proposed Amended Complaint would render Defendants' defense of each and every claim nearly impossible and immensely expensive." For example, defendants note that

9

facts can differ amongst the individual plaintiffs with respect to the claims for inadequate medical care and medication. Doc. Ent. 169 at 11. Even so, I conclude that leave to amend is still appropriate under Fed. R. Civ. P. 15(a)(2).

## II. ORDER

In accordance with the foregoing opinion, plaintiffs' motion for leave to file an amended complaint (Doc. Ent. 161) is GRANTED WITHOUT PREJUDICE to defendants filing a dispositive motion following entry of the first amended complaint. Plaintiffs shall file their first amended complaint in accordance with Judge Murphy's instructions at the status conference currently scheduled for October 1, 2008.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten (10) days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: 9/25/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 25, 2008.
>
> s/Eddrey Butts
> Case Manager