UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

    Plaintiffs,

v.

PATRICIA CARUSO, et al.,

    Defendants.

                            /

Case No. 06-cv-10961

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** (docket no. 237) **AND GRANTING DEFENDANT'S MOTION TO DISMISS** (docket no. 226)**, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** (docket no. 230)**, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** (docket no. 231)

This § 1983 case implicates conditions at state prison facilities in St. Louis, Michigan. It began as a pro se action in 2006. Plaintiffs are all former inmates at the St. Louis facilities; Defendants are officers and supervisors working for the Michigan Department of Corrections ("MDOC"). The Court referred the case to a magistrate judge for all pretrial proceedings. On October 21, 2008, appointed counsel for those Plaintiffs who agreed to be represented by counsel in this matter filed an amended complaint. Defendants filed timely motions asking for either dismissal due to failure to state a claim, judgment on the pleadings, or summary judgment on all of Plaintiffs' claims. The magistrate judge filed a comprehensive Report and Recommendation ("Report") addressing the motions, which denied all of Plaintiffs' claims with the exception of two Eighth Amendment claims alleging denial of medical care and denial of basic hygiene by Defendants. The report and recommendation also refused to dismiss Plaintiffs' request for injunctive relief. Defendants filed timely objections to the Report's refusal to dismiss the denial of hygiene claim, and to

its recommendation not to preclude injunctive relief. For the following reasons, the Court will reject Defendants' objections, adopt the Report, and dispose of the motions accordingly.

## STANDARD OF REVIEW

Review of decisions on dispositive motions made by a magistrate judge is governed by Fed. R. Civ. P. 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, the district judge is entitled to review the Report and Recommendation on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). The Court has reviewed the Report, and finds that it is sound in its reasoning and conclusions. Accordingly, this Order will only address those issues raised by Defendants in their objections.

## BACKGROUND

Of the two recommendations in the Report challenged by Defendants, only one addresses a substantive legal claim made by Plaintiffs. In their amended complaint, Plaintiffs allege that "[t]he MDOC has a policy that forbids hygiene for one year to an indigent prisoner who was terminated from school, work, or refused a job." Am. Compl. ¶ 48. Moreover, if a prisoner's hygiene supplies are stolen or lost, it is alleged that "[t]he MDOC has no provision to provide hygiene products." *Id.* ¶ 49. The Report found that this

stated a claim upon which relief could be granted. Report 25, Feb. 18, 2011, ECF No. 237. It also recommended denial of a motion for summary judgment brought by Defendants on this claim. In the Report, the magistrate judge disposed of the "failure to replace" claim, because the MDOC had a policy in place for distributing hygiene products to prisoners. But he did not reject claims related to the MDOC's alleged policy of withholding hygiene products from uncooperative prisoners. Several plaintiffs testified that this was the de facto policy of the MDOC, and the defendants adduced no evidence to the contrary. *See* Report at 44; Pl.'s Resp. to Mot. 5, July 6, 2010, ECF No. 234. The Report concludes that there is a sufficient factual basis on which a jury could find for Plaintiffs on this Eighth Amendment claim. *See* Report at 44. Defendants object that because (1) Plaintiffs' claims about the hygiene rule are "systemic in nature" and (2) the case has not been certified as a class action, these claims cannot move forward.

The second recommendation to which Defendants object addresses Plaintiffs' desire for an injunctive remedy, but the objections share a similar legal basis. Defendants' argued that Plaintiffs' request for injunctive relief was moot, since all of the original Plaintiffs have either been released from custody, or are serving their sentences in another facility. The magistrate judge rejected this argument because "[P]laintiffs' Amended Complaint raises class allegations, and the Court has yet to consider whether a class action is appropriate in this case now that [P]laintiffs are represented by counsel." Report at 50. Defendants' object that the premise on which the conclusion is based — the possibility of class certification — is an option that is already foreclosed by the Court's previous order denying class certification.

Some context is needed to better understand the merits of Defendants' objections to these findings. The original plaintiffs to the case, proceeding pro se, originally filed a

motion for class certification about a month after the case was filed in 2006. That motion was denied by the Court in an order adopting a report and recommendation in 2007. Order, March 23, 2007, ECF No. 86. After the appointment of counsel, an amended complaint was filed. Am. Compl., Oct. 21, 2008, ECF No. 200. The motions that were the subject of the latest Report from the magistrate judge were all based on the amended complaint and discovery conducted by appointed counsel for Plaintiffs' after the filing of the amended complaint. The magistrate judge appeared to conclude that it was more efficient to screen the allegations in the amended complaint before taking up the question of class certification.

## DISCUSSION

Essentially, Defendants' sole objection to the Report is that the Court already said "no" to class certification nearly four years ago. Therefore, according to defendants, the Court cannot — or, at the very least, should not — reconsider the matter, and deny those claims and forms of relief which depend on the certification of a class. Defendants do not cite to a single piece of legal authority that justifies their position. That would be grounds enough for overruling their objections. Nevertheless, because the Court is obliged to engage in de novo review when timely requested by one of the parties, the Court concludes that the timing requirement for class certification defendants insist upon has no legal basis and should be rejected.

The Federal Rules impose no hard-and-fast temporal requirement on orders certifying class status. They only require that the Court determine that status "[a]t an early practicable time after a person sues or is sued by a class representative." Fed. R. Civ. P. 23(c)(1)(A). This language gives significant leeway to the district court in determining when class certification should be addressed. 7AA Charles Alan Wright, Arthur R. Miller, & Mary

Kay Kane, *Federal Practice and Procedure* § 1785.3 (3rd ed. 2005) ("The time at which the court finds it appropriate to make its class-action determination may vary with the circumstances of the particular case."). The Sixth Circuit, in agreement with its sister circuits, has concluded that class certification can be delayed until after substantive motions are dealt with, depending on the circumstances of the case. *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 240–41 (6th Cir. 1994) ("[G]iven that many of the violations claimed by [the plaintiffs] had been remedied, or never existed, and that neither plaintiffs nor the members of the class were prejudiced by the order of the court's rulings, the district court acted well within its discretion in concluding that it should decide the motion for summary judgment first.") *see also Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) ("[T]he order of disposition of motions for summary judgment and class certification a question of discretion for the trial court."); *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (affirming a district court's decision to pass on summary judgment motions prior to addressing class certification).

The Court's previous order on class certification is no longer relevant to this case. That order addressed a motion for class certification filed by plaintiffs while they were representing themselves, without the assistance of counsel and prior to the orderly analysis of the claims on motions to dismiss and summary judgment. The Court's hands are not tied by the previous order, particularly in light of the dramatic differences in the circumstances surrounding the first motion for class certification, and any future motion for certification the plaintiffs may file in the future. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and

all the parties' rights and liabilities.").  In conclusion, no procedural rule prevents the Court from taking up the class certification issue a second time, and the magistrate judge's Report should be adopted over such objections.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation of the magistrate judge (docket no. 237) is **ADOPTED**, and defendants objections (docket no. 238) are **OVERRULED**.

Accordingly, **IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket no. 226) is **GRANTED**; Defendants' motion for judgment on the pleadings (docket no. 230) is **GRANTED IN PART AND DENIED IN PART**; and Defendants' motion for partial summary judgment (docket no. 231) is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 14, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2011, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager