UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

    Plaintiffs,                                      Case No. 06-cv-10961

v.                                                 HONORABLE STEPHEN J. MURPHY, III

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**ORDER OVERRULING OBJECTIONS AND ADOPTING
REPORT AND RECOMMENDATION** (document no. 273), **AND
DENYING RENEWED MOTION FOR CLASS CERTIFICATION** (document no. 270)

This is a prisoner civil rights action under 42 U.S.C. § 1983 over conditions at state prison facilities in St. Louis, Michigan. Plaintiffs are all former inmates at the St. Louis, Michigan correctional facilities; Defendants are officers and supervisors working for the Michigan Department of Corrections ("MDOC"). The Court referred the case to a U.S. Magistrate Judge for all pretrial proceedings. On August 14, 2012, Plaintiffs filed a motion for class certification, which the Court subsequently denied without prejudice pursuant to a Report and Recommendation ("Report") from the magistrate judge. *See* ECF No. 269.

On March 11, 2013, Plaintiffs filed a renewed motion for class certification. ECF No. 270. In their motion, Plaintiffs seek to certify classes of current and former prisoners housed at the St. Louis facilities on or after February 14, 2005, and two subclasses of current and former prisoners at the same facility after November 1, 2002, who were subject to certain MDOC policies and practices.

On May 31, 2013, the magistrate judge issued a Report suggesting denyial of Plaintiffs' motion. Report, ECF No. 273. Plaintiffs filed a timely objection to the Report, arguing the magistrate judge erred in his conclusion that Plaintiffs could not meet the

requirements of Civil Rule 23(b)(3) based on his analysis of Plaintiffs' common questions of fact and law compared to individual questions. Obj., ECF No. 276.

A report and recommendation for dispositive motions issued by a magistrate judge is reviewed pursuant to Civil Rule 72(b). The district judge referring the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980) (holding 28 U.S.C. § 636 does not require a hearing for de novo review of a magistrate's findings). After examining the record and considering Plaintiffs' objection de novo, the Court concludes that their objection does not have merit. Accordingly, the Court will adopt the Report and deny Plaintiffs' renewed motion for summary judgment.

## DISCUSSION

I. The Report

After examining Plaintiffs' motion, the Report concluded Plaintiffs could not establish that the issues in the proposed class subject to generalized proof predominated over the issues subject only to individualized proof, as required by Civil Rule 23(b)(3). Fed. R. Civ. P. 23. The Report further concluded it was unnecessary to determine whether the proposed class could meet any of the four requirements of Civil Rule 23(a) because of this deficiency. Report 8. The Report noted that the prior orders in this case had narrowed the Plaintiffs' claims from a wide range of claims to just two issues: the state of medical care and the hygiene policy. For both claims, the Report observed that Plaintiffs' had not demonstrated that common issues would predominate over individual issues.

With respect to the medical care issue, the Report noted that claims for deficient medical care under the Eighth Amendment may only be met by making a showing of deliberate indifference to a prisoner's medical needs. Report 10 (citing *Perez v. Oakland County*, 466 F.3d 416, 423-24 (6th Cir. 2006)). Such a showing would require proof of a serious medical need, denied or delayed treatment of that need, as the result of deliberate indifference, and damages. The Report concluded that although "the alleged inadequacies in the medical facilities may provide some (although not total) common proof with respect to the [deliberate indifference] issue, each of the other three requires individualized proof for each proposed class member." *Id.*

With respect to the hygiene issue, the Report first concluded that the hygiene policy was not unconstitutional on its face. Thus, Plaintiffs' would be required to demonstrate that their removal from indigent status resulting in a loss of hygiene items was deliberate indifference, that they subsequently did not have the ability to obtain hygiene items, and that such a loss resulted in extreme discomfort or a complete denial of hygiene. Report 11 (citing *Flavory v. Bonn*, 604 F.3d 249, 255 n.1 (6th Cir. 2010)). The Report concluded that "individual issues would predominate over any issues common to the class." *Id.* The Report thus concluded the motion for class certification should be denied.[1]

---

[1] The Court also agrees with the Report's conclusion that a class action is not required to vindicate individual claims. This is not a case "[w]here it is not economically feasible to obtain relief [via individual suits] . . . [such that plaintiffs have no] effective redress unless they may employ the class-action device." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980). Eighth Amendment claims are commonly brought by individuals and can result in substantial damages awards. *See* Report at 10 (citing *Ford v. County of Grand Traverse*, 535 F.3d 483, 489 (6th Cir. 2008)). A class action is not required for Plaintiffs to vindicate their claims.

II. Legal Standards

When applying for class certification, a party must demonstrate affirmative compliance with Civil Rule 23's requirements. It is the plaintiff's burden to "establish his right" to class certification. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). A "class may only be certified if, after a rigorous analysis, the district court is satisfied that [the Rule 23] prerequisites have been met." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007).

A proposed class must also "fall within one of the three types of class actions listed in Rule 23(b)." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998) (en banc). Here, Plaintiffs moved to certify under Civil Rule 23(b)(3). The Rule "requires a demonstration that questions of law or fact common to the class predominate over individual questions and that the class action is superior to other available methods to adjudicate the controversy fairly and efficiently." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1084 (6th Cir. 1996) (citing Fed. R. Civ. P. 23).

For a court to find that common questions predominate over individual questions, "a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof.'" *Beattie*, 511 F.3d at 564 (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001)). And "[c]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* But a court must still conduct a "rigorous analysis" to ensure Rule 23's "prerequisites have been met." *Id.* at 560.

III. Analysis

The Objection first argues that the Report incorrectly applied Civil Rule 23(b)(3)'s standards when discussing whether Plaintiffs met the standard. The Objection notes that Civil Rule 23 "does not mandate that all claims be identical in fact and theory," but rather only that common issues predominate. Obj. 3.

Overall, the Objection essentially argues that because Plaintiffs' claims do have a "causal nexus" — the inadequacies of the medical care facilities and the hygiene policy — the Report erred by concluding that class certification was inappropriate. The Objection argues that the fact these common policies resulted in unconstitutionally inadequate medical care and hygiene levels makes the suit amenable to class certification. Finally, the Objection notes that the Court could bifurcate questions of liability and damages to ensure the action is centered on common questions. Obj. 4 (citing *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 271 (E.D. Mich. 2001)).

The Objection is certainly correct that "[t]he mere existence of individualized defenses does not bar class certification." *Id.* (quoting *Olden*, 203 F.R.D. at 271). But the Report did not claim that class certification should be denied solely because individual questions of fact existed. Rather, the Report concluded that the individual questions both existed and predominated over common questions. There may well be questions about the medical care and the hygiene policy common to the class. But just as the existence of individual facts is not dispositive for denying class certification, the existence of common questions of fact and law does not automatically transform an action into a class action. Plaintiffs must still show that, under Civil Rule 23(b)(3), the common questions *predominate* over individual ones. See *Beattie*, 511 F.3d at 564. The Report concluded they did not.

On de novo review, the Court reaches the same conclusion. Even accounting for the common question of the medical care facilities and hygiene policy, the individual questions are not merely the extent of damages. Individualized and highly fact-specific questions of deliberate indifference, plaintiffs' specific medical needs and whether treatment was delayed or denied, whether indigent-status was properly revoked, and the effect of that loss also exist, and are in fact, specific to each individual plaintiff. For example, Plaintiffs' medical care claims encompass claims for denial of care, disagreements about the level of care actually rendered, and claims where the medical care policies were actually violated, which are all distinct questions. And where the claims of an individual are individualized to the point where proving liability for an individual does not necessarily prove liability for the class, the claims should not be brought in a class action. *See Sprague*, 133 F.3d at 399 ("A named plaintiff who proved his own claim would not necessarily have proved anybody else's claim.").

Based on the record, Plaintiffs' claims carry with them so many individual questions of law and fact and liability that the common questions do not predominate over the individual questions. *See, e.g.*, *Turner v. Grant Cnty. Det. Ctr.*, CIV.A. 05-148-DLB, 2008 WL 821895, at *20 (E.D. Ky. Mar. 26, 2008) ("[T]here may be common issues of fact and law as to the existence and legality of [prison's] policies and practices. But these policies and practices are alleged so broadly and so generally that these fact and legal questions are too numerous and too common to be of practical benefit for discerning a common thread for each class. . . . [And] the individual aspects of both claims and defenses for each of the two proposed classes would be extensive. Thus, the predominance of common versus individual issues simply has not been established by Plaintiffs."); *see also Schilling*

*v. Kenton Cnty., Ky.*, CIV.A. 10-143-DLB, 2011 WL 293759, at *9-10 (E.D. Ky. Jan. 27, 2011) (holding that prisoners' claims of denial of medical care were too individualized to meet the "typicality" requirement of Civil Rule 23). Plaintiffs' have not met their burden under Civil Rule 23(b)(3). Accordingly, the Court will overrule the objections, adopt the Report, and deny the renewed motion for class certification.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 273) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Renewed Class Certification (document no. 270) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 25, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

7