UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, et al.,

    Plaintiffs,

v.

PATRICIA CARUSO, et al.,

    Defendants.

                                 /

Case No. 06-cv-10961

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 296)**, OVERRULING PLAINTIFFS' OBJECTIONS** (document no. 298)**, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (document no. 291)

In 2006, nineteen inmates at the St. Louis Correctional Facility filed suit against a host of prison administrators. The complaint alleged that conditions in the facility violated the Eighth Amendment's prohibition on cruel and unusual punishment, that an inadequate law library violated the First Amendment, and that the prison was taking inmates' money and property without due process of law. The Court previously dismissed all but six of the plaintiffs: Claude Hoffman, Michael Kanipe, Michael Lake, William Taylor, Richard Boone II, and Hilton Evans.

In June of 2014, the Defendants filed a motion for summary judgment, urging the Court to dismiss the remaining claims. ECF No. 291. Magistrate Judge Paul Komives issued a Report and Recommendation, advising the Court to grant the Defendants' motion. ECF No. 296. The Report recommends dismissing the claims of Kanipe and Taylor for failure to prosecute. Appointed counsel informed the Court that he has been unable to reach either plaintiff, that his letters have been returned undelivered, and that Taylor is believed dead. Furthermore, the Report advises dismissing all of the remaining defendants

from the case because they were not personally involved in the alleged constitutional violations and because the Plaintiffs have not established systemic constitutional rights deprivations. The Plaintiffs filed a timely objection to the report, and now argue the evidence raises a genuine dispute over Warden Lafler's involvement in the alleged constitutional violations. Obj. 2, ECF No. 298. The objection also disputes the magistrate judge's finding that the Plaintiffs did not suffer any physical injury and contends the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), is inapplicable.

The Court has jurisdiction under 28 U.S.C. § 1331. Under Civil Rule 72, the Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Having reviewed the filings, the Court will adopt the Report, overrule the Plaintiffs' objections, and dismiss the case.

## BACKGROUND

I. <u>Richard Boone II</u>

Boone was incarcerated beginning in 2002. Due to a car accident in his youth, Boone suffered from chronic hip pain and arthritis. Before arriving at the prison, Boone took Celebrex to manage his pain. Once at the facility, doctors replaced the Celebrex with Naprosyn, another pain killer. Boone contends the Naprosyn caused him to have an upset stomach and develop ulcers. The prison staff gave Prevacid to Boone for treatment of the ulcers. In 2003, a physicians' assistant replaced Prevacid with Acciphex, another drug that treats stomach ulcers. The staff eventually replaced the Acciphex with two over-the-counter drugs.

Because of his hip pain, Boone slept on a special accommodation mattress that alleviated his discomfort. According to his affidavit, the prison took away the mattress,

which made sleeping painful. Boone also contends medical staff denied his requests to see an orthopedic specialist.

Boone wrote Warden Lafler a letter that he claims put Lafler on notice of his unconstitutional treatment. The letter states that "[i]n the short time that I have been here I have been discriminated against (guitar), forced to drink toxic water, crammed into a cubicle, given inadequate mattresses . . . have had approved meds taken away, been forced to stand in med lines in the cold weather, forced to sit in [illegible] center waiting on health care for 45 minutes only to find out that they don't want to see me." Resp. Mot. Summ. J., Boone Aff., G-6-d, ECF No. 295-7. The letter ends with Boone telling the Warden "[i]f you cannot control your staff, I will be forced to take this to your Superiors." *Id.* It appears Lafler did not respond.

II. <u>Michael Lake</u>

In 1999, doctors diagnosed Lake with testicular and stomach cancer. Doctors performed surgery to remove the cancerous tumors. In 2002, doctors discovered new cancerous lymph nodes and performed surgery that removed his kidney and several ribs. After surgery, Lake underwent chemotherapy and was tested periodically to ensure the cancer did not return.

In 2005, Lake transferred to the St. Louis Facility, where doctors ceased his blood tests and x-rays, allegedly without any medical justification. Lake claims to have filed grievances about the lack of cancer screening. The warden is usually notified when a prisoner has filed a Step III grievance. Lake's grievances do not appear to be part of the record.

III. <u>Claude Hoffman</u>

Hoffman suffers from type II diabetes that he treats by taking Glucophage and Avandia. During Hoffman's time at the St. Louis facility, staff did not provide him a way to regularly check his blood sugar levels. In addition, he often waited weeks for prison staff to refill his diabetes medication. On at least one occasion, the medical staff discontinued his medications without notice, leading to an "adverse reaction." Resp., Hoffman Aff. ¶ 11, ECF No. 295-5.

Hoffman claims he sent internal correspondence to Lafler, as well as multiple grievances about the lack of diabetes medication. *Id.*, Hoffman Inter. No. 9, ECF No. 295-4. Neither Plaintiffs' responsive brief nor the objection include copies of the grievances or the alleged internal correspondences. A motion to dismiss from 2010 did include a copy of Hoffman's grievance. Resp. Mot. Part. Summ. J., Hoffman Grievance, ECF No. 234-3. And the grievance alleged doctors discontinued Avandia, instead "substituting less effective/costly medications that has interfered with a treatment protocol once prescribed." *Id.*

## STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To show that a fact is,

4

or is not, genuinely disputed, both parties are required to either "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

I.  Lafler Did Not Have Any Personal Involvement In Plaintiffs' Treatment

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Amendment "forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (internal quotations omitted). To show a prison official acted with deliberate indifference, a prisoner must suffer from a "sufficiently serious" medical condition. *Id.* Furthermore, the prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Report recommends granting summary judgment in part because Lafler "had no personal involvement in the medical treatment received by plaintiffs." Report 14, ECF No. 296. Plaintiffs disagree, arguing the grievances and internal letters put Lafler on notice of the constitutional violations, and that Lafler's failure to rectify the injuries equated to deliberate indifference.

Courts have repeatedly found "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *see also Smith v. Cnty. of Lenawee,* 505 F. App'x 526, 533 (6th Cir. 2012). Courts depart from this principle only when the non-medical official has "reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill*, 372 F.3d at 236.

In this case, the grievances and internal letters failed to give Lafler reason to believe prison doctors were mistreating or not treating inmates. In Boone's case, his letter to Lafler stated he was "given inadequate mattresses . . . had approved meds taken away, been forced to stand in med lines in the cold weather, forced to sit in [illegible] center waiting on health care for 45 minutes only to find out that they don't want to see me." Resp. Mot. Summ. J., Boone Aff., G-6-d, ECF No. 295-7. Even assuming Lafler read the letter, the Constitution does not require a warden to investigate every prisoner complaint—especially one like this that lacks any details or specifics. Boone's other grievances and letters to the Warden's Forum complained of perceived deficiencies in the grievance process and the

6

prison's confiscation of Boone's electric guitar. They did not involve his alleged lack of medical treatment.

Similarly, Lake argues he filed grievances about the medical staff's decision to stop screening him for cancer. Under the grievance process, the Warden would be notified when a prisoner filed a Step III grievance. Yet, Lake's grievances are not part of the record. The portion of the record Plaintiffs cite is merely Lake's answer to a request for document production, stating he would provide a copy of his grievances. Resp. Mot. Summ. J., Lake Disc. Req. No. 9, ECF No. 295-2.

Finally, Hoffman filed a grievance stating that medical officials had discontinued Avandia, and replaced it with cheaper off-brand medications. Resp. Mot. Part. Summ. J., Hoffman Grievance, ECF No. 234-3. The grievance might have informed Lafler that Hoffman preferred a different brew of drugs. But deciding what medications are best suited to treat a patient's particular needs is "a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). And furthermore, Hoffman's allegation that he received no medication for extended periods of time was not included in the grievance. Finally, while Hoffman claims he wrote Lafler a letter, that letter does not appear in the record.

In short, the Court agrees with the Report that there is insufficient evidence showing Lafler had reason to believe physicians were mistreating prisoners.

II.   <u>Failure To Show Injury</u>

As explained above, to state a claim of deliberate indifference, a plaintiff normally must show a prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Blackmore,* 390 F.3d at 896 (internal quotations omitted). A prisoner, however, can also establish a prison administrator's deliberate indifference by showing the official was responsible for creating systemic deficiencies in the facility's health care system. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1429 (7th Cir. 1996); *Potts v. Moreci,* 12 F. Supp. 3d 1065, 1072 (N.D. Ill. 2013) ("A senior jail official who was not personally involved in the acts or omissions complained of nonetheless may be liable in his individual capacity if he can be expected to have either known of or participated in creating systemic inadequate conditions at the jail.").

For their claims to survive under this theory, the plaintiffs must also allege that they "were in fact suffering from a serious medical problem and that the systemic failures caused injury by denying them necessary care." *Langley v. Coughlin,* 715 F. Supp. 522, 560 (S.D.N.Y. 1989). The rule comports with the requirement that the prison administrators' deliberate indifference be the actual and proximate cause of a prisoner's injuries.

The magistrate judge recommended dismissing the Eighth Amendment claim because "plaintiffs have failed to proffer evidence sufficient to carry their 'heavy burden' of demonstrating that there were such systemic deficiencies in the medical care at STF that defendants' failure to correct these deficiencies amounted to deliberate indifference." Report 16, ECF No. 296. Even if the prison's health system were suffering from systemic shortcomings, however, the magistrate judge still recommended dismissing the case. The magistrate judge explained that Lake had not suffered any physical injury from the terminated cancer screening because the cancer never returned. And while Hoffman and Boone could show harm, their injuries were the result of physicians' individual treatment choices, and not system wide deficiencies.

The Plaintiffs object to the magistrate judge's ruling "that plaintiffs Lake, Hoffman, and Boone did not suffer an injury caused by the deliberate indifference of defendants." Obj. 4, ECF No. 298. According to the Plaintiffs, Lake "suffered an unreasonable risk of serious damages to his future health," Hoffman's "physical adverse reactions would constitute a compensable injury in connection with his denial of medical care," and Boone claimed "great pain" resulting from the doctor's choice of pain killers. *Id.*

The Plaintiffs' arguments are unconvincing. At the outset, they do not object to the magistrate judge's conclusion that there were no systemic deficiencies in the prison. Absent systemic shortcomings, there is no way to connect Lafler's actions to the Plaintiffs' injuries. Moreover, the Court agrees that the physicians' decision to alter Boone's pain medication and change Hoffman's diabetes prescriptions were individual treatment choices; Plaintiffs have not shown the doctors' decisions resulted from systemic flaws in the prison health system. Nothing in Plaintiffs' objections or briefs changes that conclusion.

III.  <u>Applicability Of Prison Litigation Reform Act</u>

42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiffs argue this provision "does not apply to the present action which was commenced on March 3, 1996, which is prior to April 26, 1996, the effective date of the Prison Litigation Reform Act." Objection 4, ECF No. 298. The present litigation, however, began on March 3, 2006 (not 1996), at which point the PLRA was in effect.

**CONCLUSION**

The Court will grant Defendants' second motion for summary judgment. Plaintiffs Kanipe and Taylor have not stayed in contact with their attorney or made any effort to litigate the case. Accordingly, the Court will dismiss them for failure to prosecute. The Court also agrees with the magistrate that Lafler did not have any personal involvement in the Plaintiffs' treatment. In addition, the Court finds there is no evidence Lafler failed to respond to systemic deficiencies that caused Plaintiffs' injuries. Finally, the complaint named several John and Jane Does, who are still defendants in the case. But because the Plaintiffs have not named these defendants (after nearly nine years of litigation), the Court will dismiss them from the case. Accordingly, the Court will adopt the magistrate's Report and Recommendation, overrule the Plaintiffs' objections, dismiss all John and Jane Doe defendants, and dismiss the case.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Court will **ADOPT** The Report and Recommendation (document no. 296).

**IT IS FURTHER ORDERED** that the Court will **OVERRULE** the Plaintiffs' Objections (document no. 298).

**IT IS FURTHER ORDERED** that the Court will **GRANT** Defendants' Second Motion For Summary Judgment (document no. 291).

**IT IS FURTHER ORDERED** that the Court will **DISMISS** all John and Jane Doe defendants, and dismiss the case.

**SO ORDERED**.

        s/Stephen J. Murphy, III  
        STEPHEN J. MURPHY, III  
        United States District Judge

Dated: February 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2015, by electronic and/or ordinary mail.

        s/Carol Cohron  
        Case Manager